**EPSTEIN BECKER & GREEN, P.C.**
Kenneth J. Kelly (KK 4195)
Lori A. Jordan (LJ 0853)
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
Attorneys for Defendant
 CIFG Holding Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
KATHLEEN G. CULLY,              :
                                :
            Plaintiff,          :
                                :
      - against -               :    07 CIV. 8195 (PKC)
                                :
CIFG HOLDING, CIFG GUARANTY, CIFG:   **ANSWER OF**
EUROPE, CIFG SERVICES, INC., CIFG:   **CIFG HOLDING LTD.**
ASSURANCE NORTH AMERICA, INC., and:
JACQUES ROLFO,                  :
                                :
            Defendant.          :
------------------------------------- X

Defendant CIFG Holding Ltd., f/k/a CIFG Holding ("CIFG Holding"), by its attorneys, Epstein Becker & Green, P.C., for its answer to the complaint:

1. Denies the allegations in paragraph 1, except admits that plaintiff was formerly employed as CIFG Services, Inc.'s ("CIFG Services") General Counsel.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except plaintiff purports to assert claims pursuant to the statutes and legal theories set forth therein.

3. Denies the allegations in paragraph 3, and respectfully refers the Court to the complaint for its contents.

NY:2199998v2

4. Denies the allegations in paragraph 4, except that the complaint purports to invoke the jurisdiction of the Court pursuant to 28 U.S.C. §§ 1331 and 1367.

5. Denies that venue is proper in this District with regard to all claims relating to the long term incentive plans that are expressly governed by French law. As to all other claims, paragraph 5 of the complaint sets forth a legal conclusion to which a response is not required, and to the extent a response is required, CIFG Holding denies the allegations in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, except that the parties entered into an agreement tolling the filing deadline for claims purportedly under Title VII of the Civil Rights Act of 1964.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, except that plaintiff rendered services to CIFG Holding.

9. States that the allegations in paragraph 9 sets forth a legal conclusion to which a response is not required, except CIFG Holding Ltd., a Bermudian entity, is the ultimate parent of CIFG Services, Inc., CIFG Guaranty, CIFG Europe, and CIFG Assurance North America, Inc.

10. States that the allegations in paragraph 10 set forth a legal conclusion to which a response is not required except CIFG Services is a Delaware corporation with its principal place of business in New York City.

11. States that paragraph 11 sets forth a legal conclusion to which a response is not required except that CIFG Guaranty Ltd. is a Bermudian reinsurer dedicated to the CIFG group.

12. States that paragraph 12 sets forth a legal conclusion to which a response is not required except that CIFG Europe is a French insurer.

13. States that paragraph 13 sets forth a legal conclusion to which a response is not required except CIFG Assurance North America, Inc. ("CIFG-NA") is a New York stock insurance corporation.

14. Denies the allegations in paragraph 14, except Jacques Rolfo ("Rolfo") is the Chief Executive Officer and President of CIFG Holding, Chief Executive Officer and President of CIFG Assurance North America, Inc., the Chief Executive Officer of CIFG Services, Inc., the Chief Executive Officer of CIFG Guaranty Ltd., a Member of the Executive Board of CIFG Europe, and is based in CIFG Services' New York City offices, and states that the second sentence in paragraph 14 sets forth a legal conclusion to which a response is not required.

15. Denies the allegations of paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 48, 52, 53, 54, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 67, 69, 72, 73, 74, 75, 77, 78, 79, 81, 82, 83, 84, 85, 87, 88, 89, 91, 94, 96, 99, 100, 102, 103, 104, 106, 109, 111, 114, 115, 117, 118, 120, 121, 123, 124, 125, 126, 130, 132, 133, and 134 as to itself and denies knowledge or information sufficient to form a belief as to the other defendants.

16. Denies the allegations in paragraph 45, except employees of CIFG were eligible to participate in various LTI plans, including stock options, restricted stock, and performance units.

17. Admits the allegations in paragraph 46 except respectfully refers the Court to plaintiff's offer letter for its contents.

18. Denies the allegations in paragraph 47 except that the 2003 Stock Option Plan states that it is governed by French law.

19. Denies the allegations in paragraphs 49, 50 and 51 except respectfully refers the Court to the 2003 Stock Option Plan and the Master Performance Unit Plan for their contents.

20. Admits the allegations in paragraphs 55, 66, 68, 70 and 129.

21. Admits the allegations in paragraph 65 except denies that the agreements provided to plaintiff had been substantially revised in ways adverse to plaintiff.

22. Denies the allegations in paragraph 71, except admits that the drafting of the plans for 2005 and thereafter began in late 2004. Further admits that after Freed's departure, plaintiff was partially responsible for drafting the plans.

23. Admits the allegations contained in paragraph 76 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the last sentence thereof.

24. Denies the allegations contained in paragraph 80, except that the allegation that the Natixis acquisition resulted in a change in the identity of CIFG's shareholder sets forth a legal conclusion to which a response is not required.

25. Denies the allegations in paragraph 128, except plaintiff was employed by CIFG Services and rendered legal services to CIFG Services and its affiliates.

26. States that the foregoing paragraphs set forth legal conclusions to which a response is not required and to the extent a response is required, denies the allegations of paragraphs 92, 93, 97, 98, 107, 108, 112 and 113.

## FIRST DEFENSE

27. CIFG Holding was never plaintiff's employer and, by reason thereof, the complaint fails to state a claim upon which relief may be granted against CIFG Holding.

## SECOND DEFENSE

28. CIFG Holding was never a joint employer of plaintiff with any other entity, and, by reason thereof, the complaint fails to state a claim upon which relief may be granted against CIFG Holding.

## THIRD DEFENSE

29. The long term incentive plans that are the subject of certain of the claims asserted by plaintiff provide that such plans were governed by French Law at all times relevant to plaintiff's claims and that any claims or disputes arising in connection with such plans are to be determined exclusively by a court in Paris, France, having jurisdiction of such claims, to the extent that such claims could not be resolved by mediation.

30. The parties' attempt to mediate their disputes was not successful.

31. By reason thereof, to the extent that the complaint seeks relief relating to any such Plans, the venue of this action is improperly laid in this District, and such claims or parts thereof seeking such relief should be dismissed.

## FOURTH DEFENSE

32. The plans alternatively provide that if CIFG Holding is not domiciled in France at the time that a party seeks a resolution of any dispute, then any dispute involving an employee located in the United States shall be resolved by arbitration in New York, New York.

33. To the extent plaintiff is seeking relief as to awards granted pursuant to any Performance Unit Plan of CIFG Services, Inc. (or its predecessor-in-interest), such plans provide that any claim or dispute arising out of or relating to those plans shall be subject to binding arbitration in New York, New York.

34. By reason thereof, all claims subject to arbitration should be dismissed.

## FIFTH DEFENSE

35. At all times relevant to this matter, CIFG Holding acted lawfully and in good faith and had reasonable grounds for believing that its conduct with respect to plaintiff was in full compliance with the law.

## SIXTH DEFENSE

36. Upon information and belief, plaintiff failed to mitigate her damages.

## SEVENTH DEFENSE

37. The complaint fails to plead fraud with the particularity required by Rule 9 of the Federal Rules of Civil Procedure.

**WHEREFORE,** defendant CIFG Holding Ltd. respectfully requests judgment dismissing the complaint in its entirety, awarding it the costs and disbursements of this action, and granting such other and further relief the Court may deem just and proper.

Dated: New York, New York
October 31, 2007

EPSTEIN BECKER & GREEN, P.C.

By: _____
Kenneth J. Kelly (KK 4195)
Lori A. Jordan (LJ 0853)
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
Attorneys for Defendant
  CIFG Holding Ltd.