**EPSTEIN BECKER & GREEN, P.C.**
Kenneth J. Kelly (KK 4195)
Lori A. Jordan (LJ 0853)
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
Attorneys for Defendant
 CIFG Services, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KATHLEEN G. CULLY,

           Plaintiff,

   - against -

CIFG HOLDING, CIFG GUARANTY, CIFG
EUROPE, CIFG SERVICES, INC., CIFG
ASSURANCE NORTH AMERICA, INC., and
JACQUES ROLFO,

           Defendant.

07 CIV. 8195 (PKC)

**ANSWER OF CIFG SERVICES, INC.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     Defendant CIFG Services, Inc. ("CIFG Services"), by its attorneys, Epstein Becker & Green, P.C., for its answer to the complaint denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to the other defendants except as specifically stated herein, and as to itself:

NATURE OF THE ACTION

     1.    Denies the allegations in paragraph 1, except admits that plaintiff was formerly employed as CIFG Services' General Counsel.

     2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except plaintiff purports to assert claims pursuant to the statutes and legal theories set forth therein.

NY:2182382v5

3. Denies the allegations in paragraph 3, and respectfully refers the Court to the complaint for its contents.

JURISDICTION AND VENUE

4. Denies the allegations in paragraph 4, except that the complaint purports to invoke the jurisdiction of the Court pursuant to 28 U.S.C. §§ 1331 and 1367.

5. Denies that venue is proper in this District with regard to all claims relating to the long term incentive plans that are expressly governed by French law. As to all other claims, paragraph 5 of the complaint sets forth a legal conclusion to which a response is not required, and to the extent a response is required, CIFG Services denies the allegations in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth the allegations in paragraph 6, except that the parties entered into an agreement tolling the filing deadline for claims purportedly arising under Title VII of the Civil Rights Act of 1964.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

PARTIES

8. Denies the allegations of paragraph 8, except plaintiff was employed by CIFG Services from January 2003 through December 31, 2006, and plaintiff was paid by CIFG Services, but rendered services to CIFG Holding Ltd., CIFG Guaranty Ltd., CIFG Europe and CIFG Assurance North America, Inc. ("CIFG NA").

9. States that paragraph 9 sets forth a legal conclusion to which a response is not required, except CIFG Holding Ltd., a Bermudian entity, is the ultimate parent of CIFG Services.

10. Admits the allegations in paragraph 10.

11. States that paragraph 11 sets forth a legal conclusion to which a response is not required, except denies that CIFG Guaranty Ltd. is a French reinsurer dedicated to the CIFG group.

12. States that paragraph 12 sets forth a legal conclusion to which a response is not required, except CIFG Europe is a French insurer.

13. States that paragraph 13 sets forth a legal conclusion to which a response is not required, except CIFG Assurance North America, Inc. is a New York stock insurance corporation.

14. Denies the allegations in paragraph 14, except Jacques Rolfo ("Rolfo") is the Chief Executive Officer and President of CIFG Assurance North America, Inc., the Chief Executive Officer of CIFG Services, the Chief Executive Officer and President of CIFG Holding Ltd., the Chief Executive Officer of CIFG Guaranty Ltd., a Member of the Executive Board of CIFG Europe, and is based in CIFG Services' New York City offices, and states that the second sentence in paragraph 14 sets forth a legal conclusion to which a response is not required.

## FACTUAL ALLEGATIONS

15. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 15, except plaintiff was previously employed at a single-A rated bond insurer and a large rating agency.

16. Denies the allegations in paragraph 16, except plaintiff began working for CIFG Services in January 2003 after being recruited by Michael Freed ("Freed"), who was then CIFG's General Counsel; and CIFG Services gave plaintiff the title of Managing Director and General Counsel of CIFG Assurance North America, Inc.; and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Freed and Cully agreed that although Cully would formally report to Freed, in practice they would act as partners.

17. Denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18, except for 2003 plaintiff received a bonus that was $5,000 more than had been agreed to when she joined CIFG Services.

19. Denies the allegations in paragraph 19, except Rolfo referred to Freed and Cully as a "two-headed Hydra" because they often collaborated, and Rolfo was critical of an offer made regarding an open legal position and otherwise expressed dissatisfaction with plaintiff's performance; and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Freed later told Cully that Rolfo had never raised these issues with him and had never spoken to him as he had spoken to Cully.

20. Denies the allegations in paragraph 20, except in or about June 2004, Rolfo interviewed Robert Drillings ("Drillings") for a position within CIFG Services' Legal Department; Drillings was unable to start until October 2004; Drillings was to report to Freed; and Rolfo accurately referred to a female candidate as "the female candidate".

21. Denies the allegations in paragraph 21, except Drillings joined CIFG Services on October 1, 2004, as General Counsel for Public Finance for CIFG NA, and Cully remained General Counsel of CIFG NA and retained responsibility for structured finance transactions.

22. Denies the allegations in paragraph 22, except in December 2004 Freed resigned his position at CIFG Services to become CEO of a new financial guaranty insurer being formed; Freed provided only a few days' notice prior to his departure from CIFG Services; Rolfo offered plaintiff the position of General Counsel of CIFG Holding; plaintiff accepted the position of General Counsel for CIFG Holding and each of its subsidiaries and all of its operations in

North America and Europe; and the head of CIFG Services' Human Resources department was at the time a female vice president, a position two levels below managing director.

23. Denies the allegations in paragraph 23, except Rolfo asked plaintiff to suggest her own compensation level; plaintiff did not receive an increase in her base salary in 2004; plaintiff recommended to Rolfo that she receive an increase of approximately twenty-two percent; when she became General Counsel, plaintiff took on some of Freed's former responsibilities while temporarily retaining her own; Rolfo agreed to provide plaintiff with an LTI award in 2005 for calendar year 2004; and plaintiff's total cash compensation for 2005 constituted a 4.55 percent raise from her initial compensation; and further denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 23 that plaintiff's compensation was substantially less than that of the general counsel of any other financial guaranty insurer.

24. Denies the allegations in paragraph 24, except Drillings interviewed candidates for a position in the Legal Department.

25. Denies the allegations in paragraph 25, except Rolfo believed plaintiff failed to allow Drillings to participate in the management of the Legal Department.

26. Denies the allegations in paragraph 26, except in May 2005 Rolfo justifiably removed Cully from a project involving a potential venture in Ireland.

27. Denies the allegations in paragraph 27, except respectfully refers the Court to certain emails dated on and after May 28, 2005, for their contents, and except Rolfo confirmed that plaintiff was General Counsel and that Drillings reported to her.

28. Denies the allegations in paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 regarding plaintiff's conclusions, and further denies the remaining allegations in that paragraph.

30. Denies the allegations in paragraph 30, except on October 3, 2005, plaintiff informed Rolfo by email that she planned to retire.

31. Denies the allegations in paragraph 31, except plaintiff spoke to "Chuck" Webster, the head of the Risk Department, about her retirement and Webster spoke to Rolfo and to plaintiff about plaintiff's retirement.

32. Denies the allegations in paragraph 32, except on or about December 29, 2005, plaintiff informed Rolfo that she wanted to retire at the end of March 2006, having delayed her retirement for a short period at his request; Rolfo asked plaintiff to extend her stay through December 2006 or March 2007; and another attorney was hired to assist plaintiff with her workload; and further denies knowledge or information sufficient to form a belief as to the truth of the allegation that it became clear to Cully that Rolfo was not willing to compromise and that Cully had three choices: accept a substantial demotion and report to a new General Counsel, continue in the current, untenable manner, or retire.

33. Denies the allegations in paragraph 33 that on or about January 12, 2006, Rolfo and plaintiff met to discuss plaintiff's future with CIFG and that Rolfo proposed that plaintiff consider a full-time employment position after her retirement at the end of March 2006 and respectfully refers the Court to the emails identified by plaintiff for their contents.

34. Denies the allegations in paragraph 34, except discussions regarding plaintiff's status and position were conducted through Pam Brown ("Brown"), head of Human Resources for CIFG; during the remainder of her tenure, part of plaintiff's focus would be on

training her colleagues to assume her responsibilities, during which time a search for a new General Counsel would be conducted; and Rolfo made a company-wide announcement regarding plaintiff on February 15, 2006, to which the Court is respectfully referred for its contents.

35. Denies the allegations in paragraph 35, except in or about early March 2006, Rolfo informed plaintiff that she would receive a salary increase of less than one percent of her base salary and that she would accrue a bonus for each month she remained during 2006, and denies knowledge or information sufficient to form a belief as to the allegation that plaintiff relied upon the LTI awarded in 2006 for calendar year 2005 and the promised LTI compensation for calendar year 2006, and further states that plaintiff's total compensation was greater in total dollars than the male members of the Legal Department.

36. Denies the allegations of paragraph 36, except Drillings received a greater percentage increase in total compensation than Cully had previously received and further states that Drillings's compensation for 2004 included a bonus that was prorated due to the fact that he joined CIFG Services on October 1, 2004, and that his annualized bonus for 2004 was less than half of plaintiff's bonus for 2004.

37. Denies the allegations in paragraph 37.

38. Denies the allegations in paragraph 38, except respectfully refers the Court to the April 5, 2006 letter for its contents.

39. Denies the allegations in paragraph 39, except respectfully refers the Court to the letter from outside counsel for its contents.

40. Denies the allegations in paragraph 40, except on or about May 8, 2006, Rolfo and Brown told plaintiff that a press release would describe the restructured legal department; that Drillings would become General Counsel for Public Finance and Infrastructure;

three lawyers would report to Knopf; three other lawyers would report to Drillings; plaintiff would not have any direct reports; and licensing was assigned to Drillings.

41. Denies the allegations in paragraph 41.

42. Denies the allegations in paragraph 42.

43. Admits the allegations in paragraph 43, except denies that plaintiff was instructed to work from home as a result of rejecting any settlement offer or in contemplation of any restructuring transaction, and further states that plaintiff welcomed the opportunity to remain at home.

44. Denies the allegations in paragraph 44 that CIFG's senior management continues to consist solely of men, and admits the remaining allegations of that paragraph.

Additional Facts Concerning Long-Term Incentive Plans

45. Denies the allegations in paragraph 45, except employees of CIFG were eligible to participate in various LTI plans offering stock options, restricted stock, and performance units.

Facts Concerning the 2003 Stock Option Plan

46. Admits the allegations in paragraph 46, except respectfully refers the Court to plaintiff's offer letter for its contents.

47. Denies allegations in paragraph 47 that the 2003 Stock Option Plan expired on June 28, 2004.

48. Denies the allegations in paragraph 48, except CIFG's Services did not award Cully any performance units in 2004 and CIFG Services did not make any awards of restricted stock in 2004.

49. Denies the allegations in paragraph 49, except respectfully refers the Court to the 2003 Stock Option Plan and the Master Performance Unit Plan for their contents.

50. Denies the allegations in paragraph 50, except respectfully refers the Court to the 2003 Stock Option Plan and the Master Performance Unit Plan for their contents.

51. Denies the allegations in paragraph 51, except respectfully refers the Court to the 2003 Stock Option Plan and the Master Performance Unit Plan for their contents.

52. States that paragraph 52 sets forth a legal conclusion to which a response is not required, and further denies that the 2003 Stock Option Plan was amended.

53. States that paragraph 53 sets forth a legal conclusion as to which a response is not required.

54. Admits the allegations in paragraph 54, on information and belief.

55. Admits the allegations in paragraph 55.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, except denies that plaintiff was ordered not to come to the office.

57. Denies the allegations in paragraph 57, except Rolfo advised plaintiff that vesting of rights could terminate in accordance with the terms of the plan upon plaintiff's employment after her resignation, and respectfully refers the Court to the 2003 Stock Option Plan and Rolfo's January 4, 2007 letter for their contents.

58. Denies the allegations in paragraph 58, except respectfully refers to the Court to the February 13, 2007 letter for its contents, and further states that the second sentence of paragraph 58 is not factual but argumentative.

59. Denies the allegations in paragraph 59, except respectfully refers the Court to the February 13, 2007 letter for its contents.

60. Denies the allegations in paragraph 60, except respectfully refers the Court to the March 2, 2007 letter for its contents.

61. Denies the allegations in paragraph 61, except respectfully refers the Court to the March 14, 2007 letter for its contents.

62. Denies the allegation in paragraph 62, except to the extent paragraph 62 sets forth a legal conclusion to which a response is not required, and except that by reason of the change in control, the options of all employees having awards under the 2003 Stock Option Plan vested, subject to the other applicable terms and conditions of the Plan.

63. Denies the allegations in paragraph 63, except CIFG Services agreed to extend plaintiff's time to exercise the subject options.

64. Denies the allegations in paragraph 64, except to the extent paragraph 64 sets forth a legal conclusion to which a response is not required.

Facts Concerning Plans After 2003

65. Admits the allegations in paragraph 65, except denies that the agreements provided to plaintiff had been substantially revised in ways adverse to plaintiff.

66. Admits the allegations in paragraph 66.

67. Admits the allegations in the first sentence of paragraph 67 and denies the allegations in the second sentence thereof.

68. Admits the allegations in paragraph 68.

69. Admits the allegations in paragraph 69.

70. Admits the allegations in paragraph 70.

71. Denies the allegations in paragraph 71, except the drafting of the plans for 2005 and thereafter began in late 2004, and after Freed's departure, plaintiff was partially responsible for drafting the plans and was fully aware of the terms and conditions thereof.

72. Admits the allegations in paragraph 72.

73. States that paragraph 73 sets forth a legal conclusion to which a response is not required.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, except denies that in October 2005 Rolfo "approved" plaintiff's retirement and except plaintiff stated to Rolfo that she intended to do consulting work after her retirement and Rolfo suggested that plaintiff could consult for the CIFG Services.

75. Denies the allegations in paragraph 75.

76. Admits the allegations contained in paragraph 76, except denies knowledge or information sufficient to form a belief as to the truth of the last sentence thereof.

77. Denies the allegations in paragraph 77 except, on information and belief, plaintiff learned of the changes in the plan drafts in early 2006.

78. Denies the allegations in paragraph 78, except respectfully refers the Court to the various documents referred to for their contents, and further states that paragraph 78 sets forth a legal conclusion to which it is not required to respond.

79. Denies the allegations in paragraph 79 and further refers the Court to the January 4, 2007 letter for its contents.

80. Denies the allegations in paragraph 80, except that the allegation that the Natixis acquisition resulted in a change in the identity of CIFG's shareholder sets forth a legal conclusion to which a response is not required.

81. Denies the allegations contained in paragraph 81, and respectfully refers the Court to the February 13, 2007 letter for its contents.

82. Denies the allegations in paragraph 82, except respectfully refers the Court to the stock option and restricted stock agreements sent to plaintiff's counsel on April 3, 2007 for their contents, and further states that the service requirement in the form document was not intended to and did not apply to plaintiff.

83. Denies the allegations in paragraph 83, except respectfully refers the Court to the April 18, 2007 letter and the agreement forms with plaintiff's handwritten notations for their contents.

84. Denies the allegations in paragraph 84, except respectfully refers the Court to the June 12, 2007 letter for its contents.

85. Denies the allegations in paragraph 85.

### FIRST CAUSE OF ACTION

### (Discrimination Under Title VII)

86. CIFG Services repeats its responses to paragraphs 1 through 85.

87. Denies the allegations in paragraph 87.

88. Denies the allegations in paragraph 88.

89. Denies the allegations in paragraph 89.

### SECOND CAUSE OF ACTION

### (Discrimination Under the Executive Law)

90. CIFG Services repeats its responses to paragraphs 1 through 89.

91. Denies the allegations in paragraph 91.

92. States that paragraph 92 sets forth a legal conclusion to which a response is not required, and to the extent a response is required, denies the allegations in paragraph 92.

93. States that paragraph 93 sets forth a legal conclusion to which a response is not required, and to the extent a response is required, denies the allegations in paragraph 93.

94. Denies the allegations in paragraph 94.

### THIRD CAUSE OF ACTION

(Discrimination Under the City Law)

95. CIFG Services repeats its responses to paragraphs 1 through 94.

96. Denies the allegations in paragraph 96 as they relate to CIFG Services.

97. States that paragraph 97 sets forth a legal conclusion to which a response is not required, and to the extent a response is required, denies the allegations in paragraph 97.

98. States that paragraph 98 sets forth a legal conclusion to which a response is not required, and the extent a response is required, denies the allegations in paragraph 98.

99. Denies the allegations in paragraph 99.

100. Denies the allegations in paragraph 100.

### FOURTH CAUSE OF ACTION

(Retaliation Under Title VII)

101. CIFG Services repeats its responses to paragraphs 1 through 100.

102. Denies the allegations in paragraph 102.

103. Denies the allegations in paragraph 103.

104. Denies the allegations in paragraph 104.

### FIFTH CAUSE OF ACTION

(Retaliation Under the Executive Law)

105. CIFG Services repeats its responses to paragraphs 1 through 104.

106. Denies the allegation in paragraph 106.

107. States that paragraph 107 sets forth a legal conclusion to which a response is not required, and to the extent a response is required, denies the allegations in paragraph 107.

108. States that paragraph 108 sets forth a legal conclusion to which a response is not required, and to the extent a response is required, denies the allegations in paragraph 108.

109. Denies the allegations in paragraph 109.

### SIXTH CAUSE OF ACTION

(Retaliation Under the City Law)

110. CIFG Services repeats its responses to paragraphs 1 through 109.

111. Denies the allegations in paragraph 111.

112. States that paragraph 112 sets forth a legal conclusion to which a response is not required, and to the extent a response is required, denies the allegations in paragraph 112.

113. States that paragraph 113 sets forth a legal conclusion to which a response is not required, and to the extent a response is required, denies the allegation in paragraph 113.

114. Denies the allegations in paragraph 114.

115. Denies the allegations in paragraph 115.

### SEVENTH CAUSE OF ACTION

(Breach of Contract)

116. CIFG Services repeats its responses to paragraphs 1 through 115.

117. Denies the allegations in paragraph 117.

118. Denies the allegations in paragraph 118.

### EIGHTH CAUSE OF ACTION

(Breach of Obligation of Good Faith and Fair Dealing)

119. CIFG Services repeats its responses to paragraphs 1 through 118.

120. Denies the allegations in paragraph 120.

121. Denies the allegations in paragraph 121.

## NINTH CAUSE OF ACTION

### (In the Alternative – Promissory Estoppel)

122. CIFG Services repeats its responses to paragraphs 1 through 121.

123. Denies the allegations in paragraph 123.

124. Denies the allegations in paragraph 124.

125. Denies the allegations in paragraph 125.

126. Denies the allegations in paragraph 126.

## TENTH CAUSE OF ACTION

### (In the Alternative – Unjust Enrichment)

127. CIFG Services repeats its responses to paragraphs 1 through 126.

128. Denies the allegations in paragraph 128, except plaintiff was employed by CIFG Services and rendered legal services to CIFG Services and its affiliates.

129. Admits the allegations in paragraph 129.

130. Denies the allegations in paragraph 130.

## ELEVENTH CAUSE OF ACTION

### (Fraudulent Inducement)

131. CIFG Services repeats its responses to Paragraphs 1 through 130.

132. Denies the allegations paragraph 132.

133. Denies the allegations in paragraph 133.

134. Denies the allegations in paragraph 134.

## **FIRST DEFENSE**

135. CIFG Services is not a party to the CIFG Holding Stock Option Plan or Restricted Stock Plan.

136. By reason thereof, the complaint fails to state a claim upon which relief may be granted against CIFG Services regarding such plans.

### SECOND DEFENSE

137. The long term incentive plans that are the subject of certain of the claims asserted by plaintiff provide that such plans were governed by French Law at all times relevant to plaintiff's claims and that any claims or disputes arising in connection with such plans are to be determined exclusively by a court in Paris, France, having jurisdiction of such claims, to the extent that such claims could not be resolved by mediation.

138. The parties' attempt to mediate their disputes was not successful.

139. By reason thereof, to the extent that the complaint seeks relief relating to any such Plans, the venue of this action is improperly laid in this District, and such claims or parts thereof seeking such relief should be dismissed.

### THIRD DEFENSE

140. The plans alternatively provide that if CIFG Holding is not domiciled in France at the time that a party seeks a resolution of any dispute, then any dispute involving an employee located in the United States shall be resolved by arbitration in New York, New York.

141. To the extent plaintiff is seeking relief as to awards granted pursuant to any Performance Unit Plan of CIFG Services, Inc. (or its predecessor-in-interest), such plans provide that any claim or dispute arising out of or relating to those plans shall be subject to binding arbitration in New York, New York.

142. By reason thereof, all claims subject to arbitration should be dismissed.

## FOURTH DEFENSE

143. At all times relevant to this matter, CIFG Services acted lawfully and in good faith and had reasonable grounds for believing that its conduct with respect to plaintiff was in full compliance with the law.

## FIFTH DEFENSE

144. Upon information and belief, plaintiff failed to mitigate her damages.

## SIXTH DEFENSE

145. The complaint fails to plead fraud with the particularity required by Rule 9 of the Federal Rules of Civil Procedure.

**WHEREFORE**, defendant CIFG Services, Inc. respectfully requests judgment dismissing the complaint in its entirety, awarding it the costs and disbursements of this action, and granting such other and further relief the Court may deem just and proper.

Dated: New York, New York
       October 31, 2007

EPSTEIN BECKER & GREEN, P.C.

By: _____
    Kenneth J. Kelly (KK 4195)
    Lori A. Jordan (LJ 0853)
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
Attorneys for Defendant
  CIFG Services, Inc.