(*cas tc-4, T*)

**EPSTEIN BECKER & GREEN, P.C.**
Kenneth J. Kelly (KK 4195)
Lori A. Jordan (LJ 0853)
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
Attorneys for Defendants

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
KATHLEEN G. CULLY,                                            :
                                                              :
                              Plaintiff,                      :        07 CIV. 8195 (PKC)
                                                              :
              - against -                                     :        **CONFIDENTIALITY**
                                                              :        **STIPULATION** *AND* O*RDER*
CIFG HOLDING, CIFG GUARANTY, CIFG                             :
EUROPE, CIFG SERVICES, INC., CIFG                             :
ASSURANCE NORTH AMERICA, INC., and                            :
JACQUES ROLFO,                                                :
                                                              :
                              Defendants.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

*Subject to the Addendum,)*

The parties, Kathleen G. Cully, by her attorneys, Vladeck, Waldman, Elias &
Engelhard, P.C.; and CIFG Holding, CIFG Guaranty, CIFG Europe, CIFG Services, Inc., CIFG
Assurance North America, Inc., and Jacques Rolfo, by their attorneys, Epstein Becker & Green,
P.C. (the parties herein collectively referred to as "Parties"), hereby stipulate and agree that:

        1.      This Stipulation governs the disclosure of all documents, including all
copies, excerpts, and summaries thereof, as well as notes, memoranda, reports, or other written
communications that reveal or contain such documents or their contents, testimony and other
information produced, given, served or filed in this above-captioned action, including, but not
limited to, any appeal thereof (the "Litigation") (collectively, the "Material").

248524 v1

2.    The Parties wish to protect and preserve the confidential nature of all such documents, material and information and protect the personal privacy of the Parties, all uninterested third parties, and all others involved herein, as well as any trade secrets, proprietary and otherwise confidential information.

3.    Any Party, through its counsel, may designate as "Confidential" any Material (including portions thereof) that is disclosed in connection with this action, if it in good faith deems that such Material contains or discloses confidential information that is both non-public and sensitive, financial, personal, medical, trade secret or other information that the producing Party has historically treated as confidential ("Confidential Material"). Confidential Material shall include all excerpts and/or summaries of Material designated as Confidential, whether contained in briefs, memoranda of law, pleadings, correspondence or other documents, that incorporate or disclose Confidential Material.

4.    Any documents, material or information (including portions thereof) to be designated Confidential may be so designated by stamping the documents, material or information with the legend "Confidential" prior to their production.

5.    A Party may cure an inadvertent failure to designate a document as "Confidential" by notifying the opposing Parties, through counsel, as soon as practicable after learning of the inadvertent failure to so designate. The disclosure of a document prior to said cure shall not be deemed a violation of this Stipulation.

6.    Confidential Material shall be subject to the following restrictions:

a.    Confidential Material shall be used only for the purpose of the prosecution, defense, mediation, and settlement of this Litigation, and not for any other purpose

248524 v1

whatsoever, and shall not be given, shown, made available or communicated in any way, orally or in writing, to anyone except those to whom it is necessary that such Confidential Material be given, shown, made available or communicated for the purposes permitted under this paragraph, as set forth in subparagraphs (b), (c) and (d) below.

        b.      Except as provided in subparagraphs (c) and (d) below, Confidential Material shall be disclosed only for the purposes set forth in subsection 3(a) above, to:

> i.      counsel of record and other counsel for the Parties and their employees who assist in the conduct of this action and for no other purpose;
>
> ii.    a Party; and
>
> iii.   the Court (including court reporters, stenographic reporters, Court staff and the jury).

        c.      Disclosure of Confidential Material to persons not enumerated in subparagraphs 6(b)(i) and (ii) above who are assisting counsel in the preparation for the trial of the action, including accountants and experts, and to persons who may be called upon by counsel to testify at the trial or in depositions with respect to Confidential Material or information contained therein, or witnesses who are interviewed by counsel with respect to Confidential Material or information contained therein, shall be permitted, provided that each such person receiving and reviewing Confidential Material shall be advised that the Confidential Material is being disclosed pursuant to and subject to the terms of this Stipulation and may not be disclosed or used other than pursuant to the terms hereof, and that each such person sign a Certificate, in substantially the same form as that annexed as Exhibit A hereto, acknowledging adherence to the terms of this Stipulation.

d.      This Stipulation has no effect upon, and shall not apply to, the producing Party's use of its own Confidential Material for any purpose following its production, provided however, that in the event the producing Party publicly discloses to third parties Material that the producing Party has previously designated as "Confidential Material," the receiving Party may object, pursuant to the procedures described herein, to the continued destination of such Material as Confidential Material.

7.      Any Party or representative of a Party giving testimony in this Litigation may designate as Confidential those portions of his or her testimony or exhibits that he, she, or it, in good faith, deems to be within the requirements of paragraph 2 herein (whether or not previously designated Confidential) by advising the stenographic reporter and all persons present of such intent either during the testimony or deposition, or within fifteen (15) days of that Party's receipt of the transcript.

8.      Any Party has the right to object to the designation of Confidential Material by any other Party. A Party shall not be obligated to challenge the propriety of any designation of information as Confidential Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. Such objection shall set forth fully the reasons why, in the opinion of the objecting Party, such designation is improper. If the Parties are unable to come to an agreement, any Party may, on reasonable notice, apply for an appropriate order from the Court. The allegedly Confidential Material at issue shall continue to be treated as Confidential Material unless an agreement is reached between the Parties or the Court issues an order that such Material is not Confidential.

9.      Unless otherwise agreed in writing, all documents filed with the Court that contain Confidential Material shall be filed under seal and kept under seal until further order of

248524 v1

the Court. All such documents shall be filed in a sealed envelope bearing the caption of this action to which it pertains, an indication of the general nature of the contents, and the following legend:

Confidential

> This envelope contains information designated confidential pursuant to a Stipulation and Order entered in this action and signed by Hon. P. Kevin Castel on _____. This envelope shall not be opened without the express direction of a Judge or Magistrate Judge of this Court or the United States Court of Appeals for the Second Circuit and shall be maintained separate and apart from the publicly available files in this case.

Where possible, only Confidential portions of filings with the Court shall be filed under seal.

      10.    The Parties may agree in writing or on the record to modifications of this Stipulation.

      11.    This Stipulation shall be binding throughout this Litigation (including any appeals thereof). At the conclusion of the Litigation each Party with Confidential Material in its possession must request the disclosing Party within thirty (30) days whether it should (1) return or give to the disclosing Party within the following thirty (30) days all Confidential Material (including all copies of Confidential Material) and material referring to or containing Confidential Material, including but not limited to correspondence, briefs, and other submissions to the Court or court; or (2) destroy all such material. To the extent that the Confidential Material is contained in an attorney-client privileged or attorney work-product document, such Material should be maintained by counsel in a confidential manner. Counsel for each party may also maintain in a confidential manner one copy of correspondence, Court filings, and exhibits containing Confidential Material. The obligations arising under this Stipulation shall survive the final resolution of this Litigation.

248524 v1

12.    The Parties and their counsel will not discuss with, disseminate, divulge or cause to be divulged to members of any government or corporate entity, news media or the public (except for those set forth above, and the court in connection with this Litigation) who are not parties to this Stipulation, any Confidential Material. If served with a legal demand that a Party or Parties' attorneys or agents are required to disclose any such Confidential Material, that Party will give the other Parties five (5) days' written notice or such notice as is reasonably practicable prior to making any such disclosure by delivering a copy of said demand by hand or overnight delivery service to the attention of the other Parties' counsel of record.

13.    In the event of a breach of this Stipulation, it is hereby agreed that any such breach will cause irreparable harm not susceptible of easy proof and that in addition to all other remedies available under this Stipulation and at law, any breach of this Stipulation shall entitle the non-breaching Party to equitable relief, including injunctive relief, without posting a bond, and to payment by the breaching Party of all costs incurred in the enforcement of the provisions of this Stipulation, including reasonable attorney's fees.

14.    Neither the signing of this Stipulation nor the designation and disclosure of Confidential Material pursuant hereto shall be construed as a waiver of, or preclude any Party from raising any objection to discovery or asserting any and all privileges otherwise available.

15.    The signatures of the attorneys of the Plaintiff and the Defendants to this Stipulation and order indicate the Parties' intention that they be, and hereby are, bound to the terms of this Stipulation and order.

16.    This Stipulation may be submitted to the Court to be "So Ordered." Notwithstanding the foregoing, the failure to submit the Stipulation to the Court shall not impair

248524 v1

or defeat the effectiveness or binding nature of this Stipulation as an agreement between the

Parties. Likewise, the failure of the Court to "So Order" the Stipulation shall not impair or

defeat the effectiveness or binding nature of this Stipulation as an agreement between the Parties.


Dated: New York, New York
      November 20, 2007

VLADECK, WALDMAN, ELIAS
& ENGELHARD, P.C.

By: _____
Anne L. Clark (AC-6456)
1501 Broadway
New York, NY 10036
(212) 403-7300
Attorneys for Plaintiff

EPSTEIN BECKER & GREEN, P.C.

By: _____
Kenneth J. Kelly (KK-4195)
250 Park Avenue
New York, New York 10177
(212) 351-4500
Attorneys for Defendants

*SEE ADDENDUM WHICH IS AN INTEGRAL PART OF THIS ORDER*

**SO ORDERED:**

_____
U.S.D.J.
11-30-07

EXHIBIT A

CERTIFICATE

I have read the annexed Stipulation, and understand its contents. I agree to comply with and be bound by the provisions of the Stipulation and consent to the enforcement provisions thereof. I will not divulge to persons other than those specifically authorized by the Stipulation, and will not copy or use, except solely for the purpose of this litigation, any information obtained in the above-captioned matter subject to said Stipulation, except as expressly permitted by a court, other adjudictor, or regulatory body of appropriate jurisdiction. In addition, I agree not to use such "Confidential Material" (as defined in the Stipulation) for any purpose whatsoever other than assistance in this litigation. I understand that a violation of this undertaking could be punishable.

Sworn and subscribed before me
this __ __ day of _____, 200_

_____
Notary Public

248524 v1

## ADDENDUM TO CONFIDENTIALITY STIPULATION AND ORDER
## CULLY v. CIFG HOLDING,ETAL.
## 07 Civ. 8195

Notwithstanding any other provision in the Confidentiality Stipulation and Order, no document may be filed under seal with the Clerk of Court, without a further Order of this Court entered upon an application addressed to the specific document or documents sought to be sealed; such application shall be made by affidavit or declaration, submitted together with a memorandum of law, demonstrating that the standards for sealing have been met. See United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)( "Amodeo I") and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006).

Any party seeking to submit a document to the Court under seal shall submit an affidavit (or affidavits) by a person (or persons) with knowledge of the facts, i.e. not merely counsel of record, containing the following: (a) identification with particularity (i.e. page and line) the precise information (whether in the party's own submission or that of an adversary) which the party maintains should be kept under seal; (b) demonstrating the particular need for sealing the information; and (c) annexing a proposed redacted page together with the unredacted version for the Court's in camera review. Without any further application to the Court (and unless cause is shown for proceeding otherwise), the following may be redacted from any letter, memorandum, exhibit, deposition testimony or other document to be filed with the Clerk: social security numbers, taxpayer-identification numbers, financial account numbers, dates (but not years) of birth and names of minor children (replaced by initials); where a redaction has been made, the fact of the redaction shall be noted on the page where it has occurred.

2

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
November 30, 2007