**EPSTEIN BECKER & GREEN, P.C.**
Kenneth J. Kelly (KK 4195)
Lori A. Jordan (LJ 0853)
250 Park Avenue
New York, New York  10177-0077
(212) 351-4500
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

KATHLEEN G. CULLY,

                     Plaintiff,

             - against -

CIFG HOLDING, CIFG GUARANTY, CIFG
EUROPE, CIFG SERVICES, INC., CIFG
ASSURANCE NORTH AMERICA, INC., and
JACQUES ROLFO,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

07 CIV. 8195 (PKC)

**DECLARATION OF
PAMELA BROWN IN
SUPPORT OF
DEFENDANTS' MOTION
TO DISMISS**

I, PAMELA BROWN, hereby declare, pursuant to 28 U.S.C. § 1746, under the

penalty of perjury under the laws of the United States of America:

    1.     I am Director, Head of Global Human Resources and Facilities of defendant

CIFG Services, Inc. ("CIFG Services") and I have been employed by CIFG Services as head of

the personnel function since September 28, 2001.  I submit this declaration in support of certain

defendants' motion to dismiss the long term incentive ("LTI") related claims, based upon my

personal knowledge and my review of CIFG's Services's records.

    2.     The defendants in this action are related as follows: CIFG Holding ("CIFG

Holding") was formerly known as "CDC IXIS Financial Guaranty Holding" and was a legal

entity existing under the laws of the Republic of France until October 1, 2007, when it was

NY:2283549v1

redomiciliated under the laws of Bermuda. It is now named CIFG Holding Ltd. CIFG Holding is not publicly traded, but is owned by other non-U.S. entities.

3.     CIFG Holding is the sole parent of CIFG Services, CIFG Guaranty, CIFG Assurance North America, Inc. and CIFG Europe. CIFG Guaranty was legal entity organized under French law until it was redomiciled in Bermuda at the same time as CIFG Holding, and is now known as CIFG Guaranty Ltd. Plaintiff Kathleen Cully was an employee of CIFG Services from 2003 to December 31, 2006.

4.     From time to time during the course of her employment with CIFG Services, Ms. Cully received three types of LTI awards – stock options, restricted stock and "performance unit" awards - in addition to her salary and discretionary bonuses. The stock option awards and restricted stock awards were granted by defendant CIFG Holding and related to stock of CIFG Holding. The performance unit awards were granted by CIFG Services. A performance unit award essentially grants an employee a future dollar amount calculated in accordance with a specified formula set forth in the plan documents. The LTI awards that were granted to Ms. Cully during her employment varied.

5.     In order for the Court to understand the nomenclature in the attached documents, I note that LTI awards to CIFG Services employees are announced at some time in the calendar year following the employment year for which the award is made. For instance, an LTI award for an employee who was employed at CIFG Services in 2003 reflecting work done in 2003, would be granted in 2004 under the applicable LTI plan. When a LTI award is made, however, the amount of the award was stated in a "notional" amount in dollars, and the breakdown of the award into one or more of stock options, restricted stock, or performance units would be made at a later date, sometimes in the year following the award itself. In addition, because CIFG

Holding at all relevant times was a French company and the CIFG Holding LTI plans were governed by French Law, unlike similar benefit plans in the U.S. a new plan was promulgated for each employment year. Such plans themselves were not put in final form until the year of the award, or even later, and not in the year for which the awards were given.

6.      In 2004, Ms. Cully was granted an LTI award for 2003 in the form of stock options only under the 2003 CDC IXIS Financial Guaranty Holding 2003 Stock Option Plan (the "2003 Plan"). A copy of the 2003 Plan is attached as Exhibit A.

7.      In 2005, Ms. Cully was awarded LTI for employment year 2004 in the form of stock options, restricted stock, and performance units.

8.      The stock options awarded to Ms. Cully in 2005 for employment year 2004 were awarded under the CIFG Holding Calendar 2004 Stock Option Plan ("2004 Stock Option Plan"), the terms of which were finalized in December 2006. A copy of the 2004 Stock Option Plan is attached as Exhibit B.

9.      The restricted stock awarded to Ms. Cully in 2005 for employment year 2004 were awarded under the CIFG Holding Calendar 2004 Restricted Stock Plan ("2004 Restricted Stock Plan"), the terms of which were also finalized in December 2006. A copy of the 2004 Restricted Stock Option Plan is attached as Exhibit C.

10.     The performance units awarded to Ms. Cully in calendar year 2005 for employment year 2004 were awarded under the CIFG Services, Inc. Master Performance Unit Plan ("Master PUP"), effective as of January 1, 2005, which remains in draft form since certain terms unrelated to this motion have been amended. A copy of the Master PUP, draft of July 13, 2007, is attached as Exhibit D. The Master PUP was patterned after the initial Performance Unit

Plan of CIFG Services's predecessor, CDC IXIS Financial Guaranty Services Inc., and a copy of that prior plan is attached as Exhibit E. The initial drafts of the Master PUP were prepared during the years that Ms. Cully was General Counsel of CIFG Services, and she alleges in her complaint (¶ 71), that she was "responsible for drafting" the LTI plans and was familiar with the terms thereof. In this regard, relevant to this motion is the fact that from inception, all versions of the Master PUP (as well as the predecessor performance unit plan in effect in 2003 and 2004) contained a mandatory arbitration clause similar or identical to that contained in Exhibit D.

11.    In calendar year 2006, Plaintiff was awarded LTI in the form of performance units, which is governed by the Master PUP.

12.    Some of the LTI plans at issue require that the parties first engage in mediation prior to seeking relief from the applicable court or arbitration panel. In September 2007, prior to the filing of this action, the parties engaged in a mediation with former Magistrate Judge Kathleen Roberts at JAMS. The mediation was not successful.

13.    A copy of the complaint is attached as Exhibit F for the Court's convenience.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 7, 2007

PAMELA BROWN