UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

KATHLEEN G. CULLY,

        Plaintiff,

- against -

CIFG HOLDING, CIFG
GUARANTY, CIFG EUROPE,
CIFG SERVICES, INC., CIFG
ASSURANCE NORTH AMERICA,
INC., and JACQUES ROLFO

        Defendants.

------------------------------------X

07 Civ. 8195 (PKC)

ECF CASE

DECLARATION OF
ANNE L. CLARK IN OPPOSITION
TO DEFENDANTS' MOTION DISMISS

        ANNE L. CLARK, under penalty of perjury, affirms and states as follows:

        1.    I am a member of the firm Vladeck, Waldman, Elias & Engelhard, P.C., attorneys for plaintiff Kathleen Cully ("Cully" or "plaintiff") in her case against defendants CIFG Holding, CIFG Guaranty, CIFG Europe, CIFG Services, Inc., CIFG Assurance North America, Inc. ("CIFG NA") (collectively "CIFG"), and Jacques Rolfo ("Rolfo") (collectively "defendants"). I submit this declaration in opposition to the motion of defendants CIFG Holding and CIFG Services, Inc. to dismiss plaintiff's claims relating to Long Term Incentive compensation ("LTI").

        2.    Attached as Exhibit 1 is a true and correct copy of the letter from me to defendants' counsel, Kenneth J. Kelly, Esq. ("Kelly"), dated June 26, 2007.

        3.    Attached as Exhibit 2 is a true and correct copy of the letter from Kelly to me, dated June 12, 2007.

249146 v1

      4.      We appended to the Declaration of Emmanuel Noirot ("Noirot") all the sources upon which he relies. If the Court, rather than relying upon Noirot's representations as to the content and meaning of these sources, wishes to review them in English, plaintiff will, of course, provide the Court with translations of these documents from French to English.

      I declare under penalty of perjury that the foregoing is true and correct. Executed on January 8, 2008, in New York, New York

                                       /s/ Anne L. Clark
                                       Anne L. Clark

249146 v1

# EXHIBIT 1

239346 v1

VLADECK, WALDMAN, ELIAS & ENGELHARD, P.C.

COUNSELORS AT LAW

1501 BROADWAY

NEW YORK, N.Y. 10036

TEL 212/403-7300

FAX 212/221-3172

ANNE L. CLARK



WRITER'S DIRECT DIAL

403-7332

June 26, 2007

By Facsimile and Mail

Kenneth J. Kelly, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177

    Re:    Kathleen Cully and CIFG

Dear Ken:

       I enclose copies of Ms. Cully's option exercise forms, which she mailed to CIFG Holding in Paris by express mail today. Ms. Cully is exercising now only because CIFG has taken the position that she has not "retired" under the 2003 Stock Option Plan, and is without waiver of Ms. Cully's claim that CIFG's position is unlawful under French (or, for that matter, New York) law. Ms. Cully preserves her right to seek damages and equitable remedies (including rescission) for her forced early exercise. The number of options Ms. Cully is exercising, and the exercise price, are based on the most recent information provided to her and are subject to any positive adjustments of which she has not been informed.

       There were a few points raised in your letter dated June 12, 2007, to which we must respond. We vehemently disagree that Ms. Cully, by correcting the agreements to conform to French law, was declining or waiving her right to the LTI awards. We consider this to be one more act of retaliation and breach of contract, which Ms. Cully will be pursuing in Court. While we do not agree that CIFG had the right to amend the 2004 plans to add a mediation provision, without waiving any claims or arguments, we would consider your June 12 letter as a notice of disagreement about the 2004 plans, and would not object to a mediation within the 90 days set forth in the illegally altered 2004 plans.

       Finally, the reports that we previously requested are the Fair Market Value Reports required pursuant to Section 17 of the 2004 Stock Option Plan and Section 15 of the 2004 Restricted Stock Plan. Your June 12 letter suggests that information has been given to other employees. We request any such information, and renew our request for any material information (as defined by applicable securities laws). We object that such information was not

246031 v1

Kenneth J. Kelly, Esq.
June 26, 2007
Page 2

provided before Ms. Cully was forced to exercise her options. Her exercise is subject to rescission in the event there is material information that has not been disclosed to her.

                      Sincerely,

                      Anne L. Clark

ALC:hs
Enclosures

246031 v1

# EXHIBIT 2

# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.661.0989
EBGLAW.COM

KENNETH J. KELLY
TEL: 212.351.4606
FAX: 212.878.8606
KKELLY@EBGLAW.COM

June 12, 2007

**VIA FACSIMILE & FEDERAL EXPRESS**

Anne L. Clark, Esq.
Vladeck, Waldman, Elias & Engelhard, P.C.
1501 Broadway
New York, NY 10036

        Re:  Kathleen Cully

Dear Anne:

        To respond to the questions posed in your June 5, 2007 letter:

        The long-term incentive compensation documents do not provide for plan beneficiaries to receive calculations of fair market value on a quarterly basis (which you refer to as "quarterly reports"). Neither these calculations nor any other valuation information has been provided to other plan beneficiaries except as may have been provided in regular benefits communications to individual beneficiaries. Your request for other "material" information is too vague to respond to.

        The plan documentation for Ms. Cully's calendar year 2005 stock option plan (which is I assume what you are referring to by "her 2006 stock options") has not been finalized, but will be sent to Ms. Cully at the same time as other similarly-situated employees. Ms. Cully's incentive compensation for calendar year 2006 will be awarded in 2007, subject to the terms and conditions of such compensation plans at the time of the award.

        CIFG does not accept the changes offered by Ms. Cully to the award agreements, because, among other things, CIFG does not agree with Ms. Cully's interpretation of the plan documentation. In addition, Ms. Cully's rejection of the terms and conditions of the award agreements and substitution of two materially different terms and conditions constitutes a counter-offer. Therefore, CIFG considers Ms. Cully to have declined to accept and has waived the grants made to her under the calendar year 2004 plans.

ATLANTA • CHICAGO • DALLAS • HOUSTON • LOS ANGELES • MIAMI
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, D.C.

NY:1878599v2        EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

Anne L. Clark, Esq.
June 12, 2007
Page 2

      Please let me know whether Ms. Cully will accept the grants under the terms and conditions originally offered, and CIFG will consider whether it will re-offer them to her.

                              Very truly yours,

                              [signature]

NY:1878599v2