Exhibit 1

LES TRIBUNAUX FRANÇAIS DANS LES LITIGES INTERNATIONAUX

*Quid* d'une clause qui tendrait à mettre en échec la compétence d'une juridiction étrangère dans un litige portant sur l'une de ces matières ? L'opinion a été émise qu'il serait impossible de l'annuler, aucune entorse n'étant faite aux règles françaises, qui ne peuvent attribuer compétence impérative qu'aux juridictions françaises (53). Cependant le désir de protection de la partie faible, qui anime le législateur français, motive tout aussi fortement la nullité de la clause dans cette hypothèse. La nullité n'est pas fondée sur l'impérativité d'un critère de compétence, mais sur la prohibition des clauses en certaines matières (cf. la rédaction de l'article L. 120-3 du Code du travail).

3° Les clauses attributives de juridiction sont interdites dans les litiges relatifs à *l'état des personnes* : ce qui est vrai dans le domaine de la compétence territoriale interne (art. 93 du nouveau Code de proc. civ.) l'est *a fortiori* dans celui de la compétence internationale, le choix de la juridiction y emportant celui de la loi applicable.

305   L'*effet* des clauses relatives à la compétence internationale est d'attribuer globalement compétence à un ordre juridictionnel. Elles peuvent, certes, préciser en même temps quel sera le tribunal spécialement compétent : ainsi une clause attribuant compétence « au Tribunal de grande instance de Paris » est une clause relative à la fois à la compétence territoriale interne, à la compétence d'attribution interne, et à la compétence internationale si le litige est international. Mais une clause donnant compétence « aux tribunaux de tels pays », sans autre précision, est valable ; il suffit ensuite d'appliquer les règles de compétence interne du pays désigné pour déterminer le tribunal spécialement compétent (54).

Une autre question est de savoir si la clause peut être invoquée par l'une des personnes qu'elle lie pour éviter de comparaître devant un tribunal français lorsqu'elle est assignée soit comme codéfendeur d'une personne domiciliée en France (art. 42, al. 2 nouv. C. proc. civ.), soit comme intervenant forcé (art. 331, nouv. C. proc. civ.). L'article 333, qui paralyse l'effet de la clause dans le cas de l'intervention forcée, est écarté en matière internationale car le respect des prévisions des parties y est plus essentiel qu'en matière interne (55). La même solution est admise au profit du codéfendeur, mais elle cède, semble-t-il, en cas d'indivisibilité entre les demandes (56).

L'existence d'une clause attribuant compétence à un tribunal étranger ne prive pas le juge des référés français de sa compétence, en cas de demande fondée sur l'urgence ou le péril, dès lors que la mesure sollicitée doit s'exécuter en France (57). Cette solution ne s'étend pas au référé-provision.

---

(53) En ce sens, P. LAGARDE, note *Rev. crit. DIP* 1974.360 et 361. V. Ch. mixte 18 juin 1974 (2 arrêts), *JCP* 1974.II.17881, note Lyon-Caen, *Rev. crit. DIP* 1975.110, note P. L., *JDI* 1975.82, note D. Holleaux ; Civ. 29 janv. 1975, *JDI* 1976.145, obs. Tilhet-Pretnar.
(54) Civ. 17 déc. 1985, précité note 48 ; Com. 25 novembre 1997, *Rev. crit. DIP* 1998.98, rapp. Rémery ; Civ. 13 avril 1999, *Rev. crit. DIP* 2000.219, note Ancel.
(55) Civ. 30 mars 1993, *Compagnie marocaine de navigation*, *Rev. crit. DIP* 1993.680, note Gaudemet-Tallon.
(56) Civ. 23 oct. 1990, *Columbia Pictures*, *Bull. civ.* I, n° 219. Il n'est pas impossible que dans le futur la réserve de l'indivisibilité soit abandonnée. Mais il faudrait sans doute alors que la jurisprudence abandonne également la solution, pourtant fermement arrêtée aujourd'hui en matière de transport maritime, suivant laquelle une clause d'élection de for n'est opposable au destinataire de la marchandise que s'il l'a expressément acceptée : Cass. com. 16 janvier 1996, *Dr. mar. fr.* 1996, p. 393, obs. Bonassies ; 27 mai 1997, *Bull. civ.* IV, n° 160, p. 144 ; 25 novembre 1997, *Rev. crit. DIP* 1998.98, rapp. Rémery ; 8 décembre 1998, *Rev. crit. DIP* 1999.536, 1ʳᵉ esp., note Pataut ; comp. Civ. 1ʳᵉ, 12 juill. 2001, *Bull. civ.* I, n° 224, p. 140, *DMF* 2001 Somm. 3246, obs. Delebecque.
(57) Civ. 17 déc. 1985, précité note 48.