Exhibit 2

000691

CIV. 1

FB

## COUR DE CASSATION

Audience publique du **16 février 1999**

Rejet

M. LEMONTEY, président

Arrêt n° 341 P

Pourvoi n° V 96-19.469

REPUBLIQUE FRANCAISE

AU NOM DU PEUPLE FRANCAIS

LA COUR DE CASSATION, PREMIÈRE CHAMBRE CIVILE,
a rendu l'arrêt suivant :

Sur le pourvoi formé par la société Recocer, dont le siège est 35-37, rue d'Artois, 75008 Paris,

en cassation d'un arrêt rendu le 26 juin 1996 par la cour d'appel de Paris (1re chambre, section D), au profit :

1°/ de l'Office des céréales tunisien OFIBLE, dont le siège est 30, rue Alain Savary, 1002 Tunis (Tunisie),

2°/ de la banque Worms, dont le siège est 45, boulevard Haussmann, 75009 Paris,

2                                                                 341

3°/ de la Banque nationale agricole, dont le siège est 12, rue de la Monnaie, 1001 Tunis (Tunisie),

défendeurs à la cassation ;

La demanderesse invoque, à l'appui de son pourvoi, le moyen unique de cassation annexé au présent arrêt ;

LA COUR, composée selon l'article L. 131-6, alinéa 2, du Code de l'organisation judiciaire, en l'audience publique du 12 janvier 1999, où étaient présents : M. Lemontey, président, M. Ancel, conseiller rapporteur, M. Renard-Payen, conseiller, M. Roehrich, avocat général, Mme Aydalot, greffier de chambre ;

Sur le rapport de M. Ancel, conseiller, les observations de Me Choucroy, avocat de la société Recocer, de la SCP Delaporte et Briard, avocat de l'Office des céréales tunisien OFIBLE, les conclusions de M. Roehrich, avocat général, et après en avoir délibéré conformément à la loi ;

Sur le moyen unique :

Attendu que la société française Recocer fait grief à l'arrêt attaqué (Paris, 26 juin 1996) d'avoir déclaré la juridiction française incompétente pour statuer sur le litige l'opposant à l'Office des céréales tunisien (OF BLE), sans caractériser de sa part une renonciation expresse au privilège de juridiction de l'article 14 du Code civil, ni une acceptation certaine de la clause attributive de juridiction invoquée par l'OFIBLE ;

Mais attendu que la cour d'appel, qui a relevé qu'une clause attributive de compétence aux juridictions tunisiennes était stipulée dans le "cahier des prescriptions générales" gouvernant les relations des parties et auquel se référaient les documents contractuels, en a justement déduit que la société Recocer avait eu connaissance de cette clause et l'avait acceptée ;

Que le moyen n'est pas fondé ;

PAR CES MOTIFS :

REJETTE le pourvoi ;

Condamne la société Recocer aux dépens ;

Vu l'article 700 du nouveau Code de procédure civile, rejette la demande de l'Office des céréales tunisien ;

3                                          341

        Ainsi fait et jugé par la Cour de Cassation, Première chambre civile, et prononcé par le président en son audience publique du seize février mil neuf cent quatre-vingt-dix-neuf.

Moyen produit par Me Choucroy, avocat aux Conseils pour la société Recocer.

MOYEN ANNEXE à l'arrêt n° 34 J.P  (CIV.1)

## MOYEN UNIQUE DE CASSATION

Il est fait grief à l'arrêt attaqué d'**AVOIR** déclaré le contredit bien fondé, et renvoyé les parties à mieux se pourvoir ;

**AUX MOTIFS QUE** l'appel d'offres du 18 juillet 1994 se référait expressément aux prescriptions générales contenant la clause attribuant compétence aux juridictions tunisiennes, tant dans ses toutes premières dispositions précédant l'article 1, qui stipulaient : "*Sur la base du cahier des prescriptions générales du 16 janvier 1988, l'Office des Céréales se propose (...)*", que dans son dernier article indiquant : "*Toutes autres conditions régissant le présent marché seront selon le cahier des prescriptions générales*" ; que le contrat conclu le 27 septembre 1994 renvoyait lui aussi expressément au cahier des prescriptions générales dans son avant-dernier article traitant, in fine, du barème des pénalités de retard, et dans son dernier article intitulé "*Conditions Générales*" ; qu'enfin le télex de confirmation de l'OFIBLE faisait encore référence en sa deuxième page au cahier des prescriptions générales ; qu'il se déduisait de l'ensemble de ces éléments que la société RECOCER, en sa qualité de professionnel averti, et qui était en outre en relations d'affaires suivies avec l'OFIBLE depuis plusieurs années, n'avait pu ignorer l'existence de la clause qui était insérée à une place et en caractères appelant particulièrement l'attention dans le cahier des prescriptions générales, auquel se réfèrent directement et expressément les documents contractuels précités, et avait accepté la clause en toute connaissance de cause ;

- 2 -    341 CIV.1

ALORS QU'en se bornant à faire état au soutien de sa décision de "*relations d'affaires suivies entre les parties*", et de la référence dans les documents contractuels à des "*Prescriptions Générales*" contenant la clause attributive de compétence aux juridictions tunisiennes, sans caractériser une volonté certaine et non équivoque de la partie française de renoncer au privilège de juridiction, volonté qui ne pouvait résulter d'une simple référence générale au cahier des prescriptions de l'autre partie et de relations d'affaires antérieures, mais devait être caractérisée par une acceptation expresse, volontaire et sans équivoque de la clause attributive de juridiction, la Cour d'Appel a privé sa décision de fondement légal au regard des articles 14 et 1134 du Code Civil, ensemble l'article 48 du Nouveau Code de Procédure Civile.

*
*  *