Exhibit 3

**RJS 1989**

448. compétence - compétence territoriale - contrat conclu et exécuté à l'étranger - clause attributive de compétence - 1° validité - 2° renonciation

1° L'article 48 du nouveau Code de procédure civile doit s'interpréter comme n'interdisant pas les clauses dérogeant aux règles de compétence territoriale interne en application d'un contrat international.
2° La renonciation à la compétence des juridictions françaises résulte de la volonté non équivoque du salarié exprimée par son consentement indifférencié aux clauses du contrat.

(Cass. soc. 1er mars 1989, François c/ Société Europ-Continent et autres, n° 805 P).

MM. Cochard, Prés. - Saintoyant, Rapp. - Dorwling - Carter, Av. gén. - Me Odent, SCP Guiguet, Bachellier et Potier de La Varde, Av.
Attendu, selon l'arrêt attaqué (Paris, 16 septembre 1985), que M. François a été engagé le 14 avril 1971 par la Société d'équipement pour l'Afrique (SEA), alors de droit gabonais, pour être affecté dans ses différentes filiales africaines ; qu'il était stipulé qu'en cas de mutation d'un Etat à un autre, un nouveau contrat de travail conforme aux lois en vigueur dans cet Etat serait établi ; qu'ainsi, M. François a, en dernier lieu, conclu le 17 juin 1975 avec la Société camerounaise d'équipement pour l'Afrique Cameroun (SEAC) un contrat exécuté au Cameroun ; que ce contrat contenait une clause selon laquelle les différends nés à l'occasion de son exécution ou de sa rupture relèveraient de la compétence de l'inspecteur du travail et des tribunaux prévus par le Code du travail camerounais ; qu'ayant été licencié par cette dernière société le 5 décembre 1981, M. François a saisi le conseil de prud'hommes de Paris pour obtenir la condamnation de la SEA, de la SEAC et de la Société Europ-Continents, qu'il estimait être aux droits de la SEA, au paiement de dommages-intérêts ;
Attendu que M. François fait grief à l'arrêt d'avoir déclaré les juridictions françaises incompétentes pour connaître des demandes formulées contre la SEA et la SEAC, alors, selon le moyen, d'une part, qu'en statuant ainsi après avoir relevé que M. François était un salarié et non un commerçant, l'arrêt attaqué a violé l'article 48 du nouveau Code de procédure civile, et alors, d'autre part, qu'en ne constatant pas que la clause litigieuse avait figuré dans l'engagement accepté dans son ensemble, de façon très apparente afin de conférer au consentement du salarié un caractère non équivoque, l'arrêt attaqué manque de base légale au regard de l'article 14 du Code civil ;
Mais attendu, d'une part, que l'article 48 du nouveau Code de procédure civile doit s'interpréter en ce sens que doivent être exclues de la prohibition qu'il édicte les clauses qui ne modifient la compétence interne qu'en conséquence d'une modification de la compétence internationale ; que le moyen, qui ne précise pas en quoi, s'agissant d'un contrat de travail international, ledit article a été violé, n'est pas recevable en sa première branche ;
Attendu, d'autre part, qu'après avoir relevé que rien dans la présentation matérielle du contrat dactylographié ne conduisait à penser que la clause attributive de compétence aurait pu, moins que les autres, recueillir le consentement de M. François, la cour d'appel, appréciant la portée des éléments de fait, a estimé que le salarié avait exprimé sans équivoque sa volonté de ne pas revendiquer la compétence des juridictions françaises ; qu'il s'ensuit que le moyen ne saurait être accueilli en sa seconde branche ;
Par ces motifs : Rejette le pourvoi.

**Observations**
1° Toute clause attributive de compétence territoriale est réputée non écrite, selon l'article 48 du nouveau Code de procédure civile, sauf entre commerçants et, selon l'article R 517-1 du Code du travail, lorsqu'elle déroge aux dispositions de ce texte.
Le présent arrêt est à rapprocher de l'arrêt de la chambre sociale du 8 juillet 1985 (Bull. civ. V, p. 292, n° 405) et de l'arrêt de la 1re chambre civile du 17 décembre 1985 (Bull. civ. I, p. 318, n° 354).
Dans l'arrêt du 8 juillet 1985, la chambre sociale de la Cour de cassation a décidé que le contrat conclu en France entre un Français et une société colombienne pour être exécuté en Colombie, contrat par lequel les parties avaient convenu de se soumettre aux règles en vigueur dans ce pays, revêtait un caractère international ; en conséquence, les parties avaient pu valablement déroger aux règles de l'article R 517-1 du Code du travail et renoncer au bénéfice des articles 14 et 15 du Code civil.
Le 17 décembre 1985, la 1re chambre civile de la Cour de cassation a jugé que les clauses prorogeant la compétence internationale sont en principe licites lorsqu'il s'agit d'un contrat international, que l'article 48 du nouveau Code de procédure civile doit s'interpréter en ce sens que doivent être exclues de la prohibition qu'il édicte les clauses modifiant la compétence territoriale interne en conséquence de la compétence internationale et lorsque la clause ne fait pas échec à la compétence territoriale impérative d'une juridiction française.
La présente espèce est comparable à celle de l'arrêt du 8 juillet 1985 en ce sens que le contrat de travail était de caractère international, et le seul élément de rattachement était le lieu de conclusion en France.

En reprenant pour partie la formulation de l'arrêt de la 1re chambre civile pour rejeter le moyen qui ne précisait pas en quoi l'article 48 du nouveau Code de procédure civile, seul texte en cause, avait été violé, la chambre sociale renvoie aux dispositions de l'article R 517-1 du Code du travail sans remettre en cause sa décision du 8 juillet 1985.

2° Logiquement, l'arrêt écarte les dispositions de l'article 48 du nouveau Code de procédure civile exigeant que la clause soit spécifiée de façon apparente dans l'engagement de la partie à laquelle elle est opposée pour ne retenir comme condition de validité de la renonciation à la compétence des juridictions françaises qu'une manifestation non équivoque de volonté.

Cette volonté résulte du consentement du salarié à l'ensemble des clauses du contrat (à rapprocher de Cass. soc. 20 janvier 1983, Bull. civ. V, p. 18, n° 26). Dans l'affaire jugée le 1er mars 1989, les juges du fond avaient relevé que rien dans la présentation matérielle du contrat dactylographié ne laissait présumer un refus d'acceptation de la clause par le salarié.

Sur l'exigence d'une clause claire et précise, voir Cass. civ., 1re ch., 18 octobre 1988, RJS 2/89, n° 181.

RJS 1989
(c) 2007 Editions Francis Lefebvre