**EPSTEIN BECKER & GREEN, P.C.**
Kenneth J. Kelly (KK 4195)
Lori A. Jordan (LJ 0853)
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
Attorneys for Defendant
 CIFG Holding Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
KATHLEEN G. CULLY,

              Plaintiff,

      - against -

CIFG HOLDING, CIFG GUARANTY, CIFG EUROPE, CIFG SERVICES, INC., CIFG ASSURANCE NORTH AMERICA, INC., and JACQUES ROLFO,

              Defendant.
------------------------------------------------------------- x

07 CIV. 8195 (PKC)

**ANSWER OF CIFG HOLDING LTD. TO THE AMENDED COMPLAINT**

      Defendant CIFG Holding Ltd., f/k/a CIFG Holding ("CIFG Holding"), by its attorneys, Epstein Becker & Green, P.C., for its answer to the amended complaint denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to the other defendants except as specifically stated herein, and as to itself:

      1.    Denies the allegations in paragraph 1, except admits that plaintiff was formerly employed as CIFG Services, Inc.'s ("CIFG Services") General Counsel.

      2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except plaintiff purports to assert claims pursuant to the statutes and legal theories set forth therein.

NY:2682136v1

3. Denies the allegations in paragraph 3, and respectfully refers the Court to the complaint for its contents.

4. Denies the allegations in paragraph 4, except that the complaint purports to invoke the jurisdiction of the Court pursuant to 28 U.S.C. §§ 1331 and 1367.

5. As to paragraph 5, denies that venue is proper in this District with regard to all claims relating to the long term incentive plans that are expressly governed by French law. As to all other claims, paragraph 5 of the complaint sets forth a legal conclusion to which a response is not required, and to the extent a response is required, CIFG Holding denies the allegations in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, except that the parties entered into an agreement tolling the filing deadline for claims purportedly under Title VII of the Civil Rights Act of 1964.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, except that plaintiff rendered services to CIFG Holding.

9. States that the allegations in paragraph 9 sets forth a legal conclusion to which a response is not required, except CIFG Holding Ltd., a Bermudian entity, is the ultimate parent of CIFG Services, Inc., CIFG Guaranty, CIFG Europe, and CIFG Assurance North America, Inc.

10. States that the allegations in paragraph 10 set forth a legal conclusion to which a response is not required except CIFG Services is a Delaware corporation with its principal place of business in New York City.

11. States that paragraph 11 sets forth a legal conclusion to which a response is not required except that CIFG Guaranty Ltd. is a Bermudian reinsurer dedicated to the CIFG group.

12. States that paragraph 12 sets forth a legal conclusion to which a response is not required except that CIFG Europe is a French insurer.

13. States that paragraph 13 sets forth a legal conclusion to which a response is not required except CIFG Assurance North America, Inc. ("CIFG-NA") is a New York stock insurance corporation.

14. Denies the allegations in paragraph 14, except Jacques Rolfo ("Rolfo") was the Chief Executive Officer and President of CIFG Holding, Chief Executive Officer and President of CIFG Assurance North America, Inc., the Chief Executive Officer of CIFG Services, Inc., the Chief Executive Officer of CIFG Guaranty Ltd., a Member of the Executive Board of CIFG Europe, and was based in CIFG Services' New York City offices, and states that the second sentence in paragraph 14 sets forth a legal conclusion to which a response is not required.

15. Denies the allegations of paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 61, 63, 79, 81, 85, 86, 89, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 115, 116, 117, 119, 122, 124, 127, 128, 130, 131, 132, 134, 137, 139, 142, 143, 145, 146, 148, 149, 150, 153, 155, 156, 158, 159, 161, 162, 163, 164, 166, 167, 168, 169, 173, 175, 176, and 177 as to itself and denies knowledge or information sufficient to form a belief as to the other defendants.

16. Admits the allegations in paragraphs 46, 54, 55, 62, 77, 80, 82, and 172 as to CIFG Holding.

17. Denies the allegations in paragraph 45, except employees of CIFG were eligible to participate in various LTI plans, including stock options, restricted stock, and performance units, and admits that the stock option plans and restricted stock plans are plans of CIFG Holding Ltd., awards were made under a single plan to employees of CIFG Services and CIFG Europe, and each plan was established in a specific language and translated.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, except admits that the long term incentive program was still in the planning stages.

20. Denies the allegations in paragraph 50, except respectfully refers the Court to plaintiff's offer letter dated December 17, 2002 for its contents, and states that the offer letter reflects the parties' negotiations.

21. Admits the allegations in paragraph 51, except denies that the options were granted as set forth in the offer letter.

22. Denies the allegations in paragraph 52 that the 2003 Stock Option Agreement alone governed the stock option award CIFG had made to plaintiff pursuant to her offer letter, and admits the remaining allegations of the paragraph as to CIFG Holding.

23. Denies the allegations in paragraph 53 that the 2003 Stock Option Plan expired on June 28, 2004, and admits the remaining allegations of the paragraph as to CIFG Holding. .

24.  Denies the allegations in paragraphs 56, 57 and 58, except respectfully refers the Court to the 2003 Stock Option Plan and the 2003 Stock Option Agreement executed by plaintiff for their contents.

25.  States that paragraph 59 sets forth a legal conclusion to which a response is not required, and further denies that the 2003 Stock Option Plan or the 2003 Stock Option Agreement were amended.

26.  States that paragraph 60 sets forth a legal conclusion to which a response is not required, and to the extent a response is required, admits the allegations in paragraph 60.

27.  Denies the allegations in paragraph 64, except Rolfo advised plaintiff that vesting of rights could terminate in accordance with the terms of the plan upon plaintiff's employment after her resignation, and respectfully refers the Court to the 2003 Stock Option Plan and Rolfo's January 4, 2007 letter for their contents.

28.  Denies the allegations in paragraph 65, except respectfully refers to the Court to the February 13, 2007 letter for its contents, and further states that the second sentence of paragraph 65 is not factual but argumentative.

29.  Denies the allegations in paragraph 66, except respectfully refers the Court to the February 13, 2007 letter for its contents.

30.  Denies the allegations in paragraph 67, except respectfully refers the Court to the March 2, 2007 letter for its contents.

31.  Denies the allegations in paragraph 68, except respectfully refers the Court to the March 14, 2007 letter for its contents.

32.  Denies the allegations in paragraph 69, except to the extent paragraph 69 sets forth a legal conclusion to which a response is not required, and except that by reason of the

change in control, the options of all employees having awards under the 2003 Stock Option Plan and 2003 Stock Option Agreement vested, subject to the other applicable terms and conditions of the 2003 Stock Option Plan and 2003 Stock Option Agreement.

33. Denies the allegations in paragraph 70, except admits CIFG Holding agreed to extend plaintiff's time to exercise the subject options and that plaintiff exercised her options granted pursuant to the 2003 Stock Option Plan and 2003 Stock Option Agreement on June 26, 2007.

34. Denies the allegations in paragraph 71, except to the extent the last two sentences of paragraph 71 set forth legal conclusions to which a response is not required, and except admits that plaintiff rescinded her June 26, 2007 exercise and exercised her options granted pursuant to the 2003 Stock Option Plan and 2003 Stock Option Agreement on September 24, 2007, that CIFG has not provided any beneficiaries of the 2003 Stock Option Plan and 2003 Stock Option Agreement with formal notice of the Fair Market Value as of June 30, 2007, and respectfully refers the Court to the June 29, 2007 letter, the 2003 Stock Option Plan, and the 2003 Stock Option Agreement for their contents.

35. Denies the allegations in paragraph 72, except respectfully refers the Court to the September 25, 2007 letter for its contents.

36. Admits the allegations in paragraph 73, except respectfully refers the Court to the October 5, 2007 letter for its contents.

37. Denies the allegations in paragraph 74 that CIFG Holding Ltd. had previously calculated a final Fair Market Value for June 30, 2007 that was higher than that provided in the April 3, 2008 letter from Epstein, Becker & Green, P.C., except admits the

remaining allegations in this paragraph and respectfully refers the Court to the two April 3, 2008 letters and the April 9, 2008 letter for their contents.

38. Denies the allegations in paragraph 75, except admits that CIFG has not processed the September 24, 2007 exercise of plaintiff's stock options granted pursuant to the 2003 Stock Option Plan and 2003 Stock Option Agreement as it has not yet officially calculated the June 30, 2007 Fair Market Value, and admits that Natixis has reported financial information for the period including June 30, 2007 that included information about the financial performance of CIFG that would be used to calculate the Fair Market Value as of June 30, 2007.

39. Admits the allegations in paragraph 76, except denies that revising the Fair Market Value would be contrary to the plan or any business practices.

40. Admits the allegations in paragraph 78, except denies that the agreements provided to plaintiff had been substantially revised in ways adverse to plaintiff.

41. Denies the allegations in paragraph 83, except admits that the drafting of the plans for 2005 and thereafter began in late 2004. Further admits that after Freed's departure, plaintiff was partially responsible for drafting the plans.

42. Denies the allegations in paragraph 84, except admits that the 2004 Restricted Stock Plan was a new plan as restricted stock had only recently been authorized under French law and that drafts were exchanged in French and English.

43. Denies the allegation in paragraph 85 that plaintiff's retirement was "approved" by CIFG, except admits that plaintiff was familiar with the contents of some of the plans.

44. States that paragraph 87 sets forth a legal conclusion to which a response is not required.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, except denies that in October 2005 Rolfo "approved" plaintiff's retirement and except plaintiff stated to Rolfo that she intended to do consulting work after her retirement and Rolfo suggested that plaintiff could consult for the CIFG Services.

46. Admits the allegations contained in paragraph 90 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the last sentence thereof.

47. Denies the allegations in paragraph 91 except, on information and belief, plaintiff learned of the changes in the plan drafts in early 2006.

46. Denies the allegations in paragraph 92, except respectfully refers the Court to the various documents referred to for their contents, and further states that paragraph 92 sets forth a legal conclusion to which it is not required to respond.

48. Denies the allegations in paragraph 93 and further refers the Court to the January 4, 2007 letter for its contents.

49. Denies the allegations contained in paragraph 94, except that the allegation that the Natixis acquisition resulted in a change in the identity of CIFG's shareholder sets forth a legal conclusion to which a response is not required.

47. Denies the allegations contained in paragraph 95, and respectfully refers the Court to the February 13, 2007 letter for its contents.

48. Denies the allegations in paragraph 96, except respectfully refers the Court to the stock option and restricted stock agreements sent to plaintiff's counsel on April 3, 2007 for their contents, and further states that the service requirement in the form document was not intended to and did not apply to plaintiff.

49. Denies the allegations in paragraph 97, except respectfully refers the Court to the April 18, 2007 letter.

50. Denies the allegations in paragraph 98, except respectfully refers the Court to the agreement forms with plaintiff's handwritten notations for their contents.

51. Denies the allegations in paragraph 99, except respectfully refers the Court to the June 12, 2007 letter for its contents.

52. Denies the allegations in paragraph 171, except plaintiff was employed by CIFG Services and rendered legal services to CIFG Services and its affiliates.

53. Admits the allegations in paragraph 172.

54. States that the foregoing paragraphs set forth legal conclusions to which a response is not required and to the extent a response is required, denies the allegations of paragraphs 120, 121, 125, 126, 135, 136, 140, 141, and 152.

### FIRST DEFENSE

55. CIFG Holding was never plaintiff's employer and, by reason thereof, the amended complaint fails to state a claim upon which relief may be granted against CIFG Holding.

### SECOND DEFENSE

56. CIFG Holding was never a joint employer of plaintiff with any other entity, and, by reason thereof, the amended complaint fails to state a claim upon which relief may be granted against CIFG Holding.

### THIRD DEFENSE

57. The long term incentive plans that are the subject of certain of the claims asserted by plaintiff provide that such plans were governed by French Law at all times relevant to plaintiff's claims and that any claims or disputes arising in connection with such plans are to

be determined exclusively by a court in Paris, France, having jurisdiction of such claims, to the extent that such claims could not be resolved by mediation.

58. The parties' attempt to mediate their disputes was not successful.

59. By reason thereof, to the extent that the amended complaint seeks relief relating to any such Plans, the venue of this action is improperly laid in this District, and such claims or parts thereof seeking such relief should be dismissed.

## FOURTH DEFENSE

60. The plans alternatively provide that if CIFG Holding is not domiciled in France at the time that a party seeks a resolution of any dispute, then any dispute involving an employee located in the United States shall be resolved by arbitration in New York, New York.

61. To the extent plaintiff is seeking relief as to awards granted pursuant to any Performance Unit Plan of CIFG Services, Inc. (or its predecessor-in-interest), such plans provide that any claim or dispute arising out of or relating to those plans shall be subject to binding arbitration in New York, New York.

62. By reason thereof, all claims subject to arbitration should be dismissed.

## FIFTH DEFENSE

63. At all times relevant to this matter, CIFG Holding acted lawfully and in good faith and had reasonable grounds for believing that its conduct with respect to plaintiff was in full compliance with the law.

## SIXTH DEFENSE

64. Upon information and belief, plaintiff failed to mitigate her damages.

## SEVENTH DEFENSE

65. The amended complaint fails to plead fraud with the particularity required by Rule 9 of the Federal Rules of Civil Procedure.

## EIGHTH DEFENSE

66.     The long term incentive plans, other than the 2003 Stock Option Plan, are indefinite and not enforceable contracts.

## NINTH DEFENSE

67.     The performance units awarded to plaintiff and to other employees are valueless by reason of CIFG Services' failure to meet the applicable performance targets, and thus plaintiff has not been damaged by any alleged failure to pay her any amounts under any performance unit plan.

## TENTH DEFENSE

68.     Plaintiff was fairly and adequately compensated for the services she rendered to CIFG Holding .

**WHEREFORE**, defendant CIFG Holding Ltd. respectfully requests judgment dismissing the amended complaint in its entirety, awarding it the costs and disbursements of this action, and granting such other and further relief the Court may deem just and proper.

Dated: New York, New York
       June 27, 2008

EPSTEIN BECKER & GREEN, P.C.

By: _____
    Kenneth J. Kelly (KK 4195)
    Lori A. Jordan (LJ 0853)
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
Attorneys for Defendant
  CIFG Holding Ltd.