**EPSTEIN BECKER & GREEN, P.C.**
Kenneth J. Kelly (KK 4195)
Lori A. Jordan (LJ 0853)
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
Attorneys for Defendant
 CIFG Guaranty Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

KATHLEEN G. CULLY,

            Plaintiff,

- against -

CIFG HOLDING, CIFG GUARANTY, CIFG EUROPE, CIFG SERVICES, INC., CIFG ASSURANCE NORTH AMERICA, INC., and JACQUES ROLFO,

            Defendant.

------------------------------------------------------------ x

07 CIV. 8195 (PKC)

**ANSWER OF CIFG GUARANTY LTD. TO THE AMENDED COMPLAINT**

Defendant CIFG Guaranty Ltd., f/k/a CIFG Guaranty ("CIFG Guaranty"), by its attorneys, Epstein Becker & Green, P.C., for its answer to the amended complaint:

1. Denies the allegations in paragraph 1, except admits that plaintiff was formerly employed as CIFG Services, Inc.'s ("CIFG Services") General Counsel.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except plaintiff purports to assert claims pursuant to the statutes and legal theories set forth therein.

3. Denies the allegations in paragraph 3, and respectfully refers the Court to the amended complaint for its contents.

NY:2700971v2

4. Denies the allegations in paragraph 4, except that the amended complaint purports to invoke the jurisdiction of the Court pursuant to 28 U.S.C. §§ 1331 and 1367.

5. As to paragraph 5, denies that venue is proper in this District with regard to all claims relating to the long term incentive plans that are expressly governed by French law. As to all other claims, paragraph 5 of the amended complaint sets forth a legal conclusion to which a response is not required, and to the extent a response is required, CIFG Guaranty denies the allegations in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, except that the parties entered into an agreement tolling the filing deadline for claims purportedly under Title VII of the Civil Rights Act of 1964.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, except that plaintiff rendered services to CIFG Guaranty.

8. States that the allegations in paragraph 9 sets forth a legal conclusion to which a response is not required, except CIFG Holding Ltd., a Bermudian entity, is the ultimate parent of CIFG Guaranty.

9. States that paragraph 11 sets forth a legal conclusion to which a response is not required, except CIFG Guaranty Ltd. is a Bermudian reinsurer.

10. States that paragraph 14 sets forth a legal conclusion to which a response is not required, except admits that Jacques Rolfo was the Chief Executive Officer of CIFG Guaranty.

11. States that it lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 7, 10, 12, 13, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56,

57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, and 113.

12. Denies the allegations of paragraphs 22, 115, 116, 117, 119, 122, 124, 127, 128, 130, 131, 132, 134, 137, 139, 142, 143, 145, 146, 150, 153, 155, 156, 158, 159, 161, 162, 163, 164, 166, 167, 168, 169, 173, 175, 176 and 177 as to itself and denies knowledge or information sufficient to form a belief as to the other defendants.

13. Denies the allegations in paragraph 171, except plaintiff was employed by CIFG Services and rendered legal services to CIFG Guaranty.

14. Admits the allegations in paragraph 172 as to CIFG Guaranty.

15. States that the foregoing paragraphs set forth legal conclusions to which a response is not required and to the extent a response is required, denies the allegations of paragraphs 120, 121, 125, 126, 135, 136, 140, 141, 148, 149, and 152.

## FIRST DEFENSE

16. CIFG Guaranty was never plaintiff's employer and, by reason thereof, the amended complaint fails to state a claim upon which relief may be granted against CIFG Guaranty.

## SECOND DEFENSE

17. CIFG Guaranty was never a joint employer of plaintiff with any other entity, and, by reason thereof, the amended complaint fails to state a claim upon which relief may be granted against CIFG Guaranty.

## THIRD DEFENSE

18. CIFG Guaranty is not a party to the CIFG Holding Stock Option Plan or Restricted Stock Plan.

19. By reason thereof, the amended complaint fails to state a claim upon which relief may be granted against CIFG Guaranty regarding such plans.

### FOURTH DEFENSE

20. The long term incentive plans that are the subject of certain of the claims asserted by plaintiff provide that such plans were governed by French Law at all times relevant to plaintiff's claims and that any claims or disputes arising in connection with such plans are to be determined exclusively by a court in Paris, France, having jurisdiction of such claims, to the extent that such claims could not be resolved by mediation.

21. The parties' attempt to mediate their disputes was not successful.

22. By reason thereof, to the extent that the amended complaint seeks relief relating to any such Plans, the venue of this action is improperly laid in this District, and such claims or parts thereof seeking such relief should be dismissed.

### FIFTH DEFENSE

23. The plans alternatively provide that if CIFG Holding is not domiciled in France at the time that a party seeks a resolution of any dispute, then any dispute involving an employee located in the United States shall be resolved by arbitration in New York, New York.

24. To the extent plaintiff is seeking relief as to awards granted pursuant to any Performance Unit Plan of CIFG Services, Inc. (or its predecessor-in-interest), such plans provide that any claim or dispute arising out of or relating to those plans shall be subject to binding arbitration in New York, New York.

25. By reason thereof, all claims subject to arbitration should be dismissed.

- 4 -

## SIXTH DEFENSE

26. At all times relevant to this matter, CIFG Guaranty acted lawfully and in good faith and had reasonable grounds for believing that its conduct with respect to plaintiff was in full compliance with the law.

## SEVENTH DEFENSE

27. Upon information and belief, plaintiff failed to mitigate her damages.

## EIGHTH DEFENSE

28. The amended complaint fails to plead fraud with the particularity required by Rule 9 of the Federal Rules of Civil Procedure.

## NINTH DEFENSE

29. The long term incentive plans, other than the 2003 Stock Option Plan, are indefinite and not enforceable contracts.

## TENTH DEFENSE

30. The performance units awarded to plaintiff and to other employees are valueless by reason of CIFG Services' failure to meet the applicable performance targets, and thus plaintiff has not been damaged by any alleged failure to pay her any amounts under any performance unit plan.

## ELEVENTH DEFENSE

31. Plaintiff was fairly and adequately compensated for the services she rendered to CIFG Guaranty.

**WHEREFORE,** defendant CIFG Guaranty Ltd. respectfully requests judgment dismissing the amended complaint in its entirety, awarding it the costs and disbursements of this action, and granting such other and further relief the Court may deem just and proper.

Dated: New York, New York
      June 27, 2008

EPSTEIN BECKER & GREEN, P.C.

By: _____
Kenneth J. Kelly (KK 4195)
Lori A. Jordan (LJ 0853)
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
Attorneys for Defendant
  CIFG Guaranty Ltd.