UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                           :

KATHLEEN G. CULLY,                  :

                      :  Index No.  07 Civ 8195 (PKC)

               Plaintiff,     :

                      :

       - against -           :  **ANSWER AND AFFIRMATIVE**

                      :  **DEFENSES OF DEFENDANT**

CIFG HOLDING, CIFG GUARANTY, CIFG EUROPE,  :  **JACQUES ROLFO**
CIFG SERVICES, INC., CIFG ASSURANCE NORTH  :
AMERICA INC., and JACQUES ROLFO,       :

               Defendants.    :

                      :

                      :

                      :
------------------------------------------------------------------------x

        Defendant Jacques Rolfo ("Rolfo"), by and through his attorneys, Arkin Kaplan Rice

LLP, respectfully submits his Answer and Affirmative Defenses to the Amended Complaint

("Complaint") of Plaintiff Kathleen G. Cully ("Plaintiff" or "Cully").

NATURE OF THE ACTION

        1.     Denies the allegations set forth in Paragraph 1 of the Complaint, except admits

that Plaintiff was formerly employed as CIFG Services' General Counsel.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 2 of the Complaint, except admits that Plaintiff purports to

assert claims pursuant to the statutes and legal theories set forth therein.

        3.     Denies the allegations set forth in Paragraph 3 of the Complaint, except admits

that Plaintiff purports to seek injunctive and declaratory relief, compensatory and punitive

damages, and other legal and equitable relief.

JURISDICTION AND VENUE

4.     To the extent that the allegations set forth in Paragraph 4 of the Complaint state legal conclusions, no response is required. To the extent a response is required, Rolfo denies the allegations set forth in Paragraph 4 of the Complaint.

5.     To the extent that the allegations set forth in Paragraph 5 of the Complaint allege legal conclusions, no response is required. To the extent a response is required, Rolfo denies the allegations set forth in Paragraph 5 of the Complaint.

6.     Denies knowledge or information sufficient to form a belief as to the truth the allegations set forth in Paragraph 6 of the Complaint, except admits that Rolfo, among others, entered into an agreement tolling the filing deadline for claims purportedly arising under Title VII of the Civil Rights Act of 1964.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

PARTIES

8.     Denies the allegations set forth in Paragraph 8 of the Complaint, except admits that Plaintiff was employed and paid by CIFG Services from January 2003 through December 31, 2006.

9.     Denies knowledge or information sufficient to form a belief as to the truth the allegations set forth in Paragraph 9 of the Complaint, except admits that CIFG Holding Ltd., a Bermudian entity, is the parent of CIFG Services.

10.     Admits the allegations set forth in Paragraph 10 of the Complaint.

11.     To the extent that the allegations set forth in Paragraph 11 of the Complaint allege legal conclusions, no response is required. To the extent a response is required, Rolfo denies that CIFG Guaranty Ltd. is a French reinsurer dedicated to the CIFG group.

12.     To the extent that the allegations set forth in Paragraph 12 of the Complaint allege legal conclusions, no response is required. To the extent a response is required, Rolfo states that CIFG Europe is a French insurer.

13.     To the extent that the allegations set forth in Paragraph 13 of the Complaint allege legal conclusions, no response is required. To the extent a response is required, Rolfo states that CIFG Assurance North America, Inc. is a New York stock insurance corporation.

14.     Denies the allegations set forth in Paragraph 14 of the Complaint, except admits that Rolfo was the Chief Executive Officer and President of CIFG Assurance North America, Inc., the Chief Executive Officer of CIFG Services, the Chief Executive Officer and President of CIFG Holding Ltd., the Chief Executive Officer of CIFG Guaranty Ltd., a Member of the Executive Board of CIFG Europe, and was based in CIFG Services' New York City offices, and states that the second sentence set forth in Paragraph 14 of the Complaint alleges a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

15.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the Complaint.

16.     Denies the allegations set forth in Paragraph 16 of the Complaint, except admits that Plaintiff began working for CIFG Services in January 2003 after being recruited by Michael Freed ("Freed"), who was then CIFG's General Counsel, admits that CIFG Services gave Plaintiff the title of Managing Director and General Counsel of CIFG Assurance North America,

3

Inc., and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Freed and Cully agreed that although Cully would formally report to Freed, in practice they would act as partners.

17.    Denies the allegations set forth in Paragraph 17 of the Complaint.

18.    Denies the allegations set forth in Paragraph 18 of the Complaint, except admits that Plaintiff received a bonus for 2003 that was $5,000 more than had been agreed to when she joined CIFG Services.

19.    Denies the allegations set forth in Paragraph 19 of the Complaint, except admits that Rolfo referred to Freed and Cully as a "two-headed Hydra" because, unbeknownst to Rolfo, they often collaborated, admits that Rolfo was critical of an unauthorized offer made regarding an open legal administrative position and otherwise expressed dissatisfaction with Plaintiff's performance, and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Freed later told Cully that Rolfo had never raised these issues with him and had never spoken to him as he had spoken to Cully.

20.    Denies the allegations set forth in Paragraph 20 of the Complaint, except admits that, in or about June 2004, Rolfo interviewed Robert Drillings ("Drillings") for a senior position within CIFG Services' Legal Department, admits that Drillings was unable to start until October 2004, admits that Drillings was to report to Freed, and admits that Rolfo accurately referred to a female candidate as "the female candidate" because Rolfo did not recall the candidate's name.

21.    Denies the allegations set forth in Paragraph 21 of the Complaint, except admits that Drillings joined CIFG Services on or about October 1, 2004 as General Counsel for Public Finance for CIFG NA, and Cully remained General Counsel of CIFG NA and retained responsibility for structured finance transactions.

4

22.   Denies the allegations set forth in Paragraph 22 of the Complaint, except admits that in December 2004 Freed resigned his position at CIFG Services to become CEO of a new financial guaranty insurer being formed, admits that Freed provided only a few days' notice prior to his departure from CIFG Services, admits that Rolfo offered Plaintiff the position of General Counsel of CIFG Holding but did not want to pressure Plaintiff to provide an immediate answer, admits that Plaintiff accepted the position of General Counsel for CIFG Holding and each of its subsidiaries and all of its operations in North America and Europe, and admits that the head of CIFG Services' Human Resources department was at the time a female vice president, a position two levels below managing director.

23.   Denies the allegations set forth in Paragraph 23 of the Complaint, except admits that Rolfo asked Plaintiff to suggest her own compensation level, admits that Plaintiff did not receive an increase in her base salary in 2004, admits that Plaintiff recommended to Rolfo that she receive an increase of approximately twenty-two percent, admits that when she became General Counsel, Plaintiff took on some of Freed's former responsibilities while temporarily retaining her own, admits that Rolfo agreed to provide Plaintiff with an LTI award in 2005 for calendar year 2004, and admits that Plaintiff's total cash compensation for 2005 constituted a 4.55 percent raise from her initial compensation, and further denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 23 of the Complaint that Plaintiff's compensation was substantially less than that of the general counsel of any other financial guaranty insurer.

24.   Denies the allegations set forth in Paragraph 24 of the Complaint, except Drillings interviewed candidates for a position in the Legal Department.

5

25.    Denies the allegations set forth in Paragraph 25 of the Complaint, except admits that Rolfo believed Plaintiff failed to allow Drillings to participate in the management of the Legal Department.

26.    Denies the allegations set forth in Paragraph 26 of the Complaint, except admits that in May 2005 Rolfo justifiably removed Cully from a project involving a potential venture in Ireland because, among other things, Plaintiff had disclosed confidential information to a competitor.

27.    Denies the allegations set forth in Paragraph 27 of the Complaint, except refers the Court to certain e-mails dated on and after May 28, 2005 for their contents, and Rolfo confirmed that Plaintiff was General Counsel and that Drillings reported to her.

28.    Denies the allegations set forth in Paragraph 28 of the Complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint regarding Plaintiff's conclusions, and further denies the remaining allegations in Paragraph 29 of the Complaint.

30.    Denies the allegations set forth in Paragraph 30 of the Complaint, except admits that on October 3, 2005, Plaintiff informed Rolfo by e-mail that she planned to retire and Rolfo acknowledged her decision, and refers to that e-mail for its contents.

31.    Denies the allegations set forth in Paragraph 31 of the Complaint, except admits that Plaintiff spoke to "Chuck" Webster, the head of the Risk Department, about her retirement and Webster spoke to Rolfo and to Plaintiff about Plaintiff's retirement.

32.    Denies the allegations set forth in Paragraph 32 of the Complaint, except admits that on or about December 29, 2005, Plaintiff informed Rolfo that she wanted to retire at the end of March 2006, having delayed her retirement for a short period at his request, admits that Rolfo

asked Plaintiff to extend her stay through December 2006 or March 2007, admits that another attorney was hired to assist Plaintiff with her workload, and further denies knowledge or information sufficient to form a belief as to the truth of the allegation that it became clear to Cully that Rolfo was not willing to compromise and that Cully had three choices: accept a substantial demotion and report to a new General Counsel, continue in the current, untenable manner, or retire.

33.    Denies the allegations set forth in Paragraph 33 of the Complaint that on or about January 12, 2006, Rolfo and Plaintiff met to discuss Plaintiff's future with CIFG and that Rolfo proposed that Plaintiff consider a full-time employment position after her retirement at the end of March 2006, and refers the Court to the e-mails identified by Plaintiff for their contents.

34.    Denies the allegations set forth in Paragraph 34 of the Complaint, except admits that discussions regarding Plaintiff's status and position were conducted through Pam Brown ("Brown"), head of Human Resources for CIFG, admits that during the remainder of her tenure, part of Plaintiff's focus would be on training her colleagues to assume her responsibilities, during which time a search for a new General Counsel would be conducted, and admits that Rolfo made a company-wide announcement regarding Plaintiff on February 15, 2006, to which the Court is referred for its contents.

35.    Denies the allegations set forth in Paragraph 35 of the Complaint, except admits that, in or about early March 2006, Plaintiff was informed that she would receive a salary increase of less than one percent of her base salary and that she would accrue a bonus for each month she remained during 2006, and denies knowledge or information sufficient to form a belief as to the allegation that Plaintiff relied upon the LTI awarded in 2006 for calendar year 2005 and the promised LTI compensation for calendar year 2006, and further states that

7

Plaintiff's total compensation was greater in total dollars than the male members of the Legal Department.

36.    Denies the allegations of Paragraph 36 of the Complaint, except admits that Drillings received a greater percentage increase in total compensation than Cully had previously received, and further states that Drillings' compensation for 2004 included a bonus that was prorated due to the fact that he joined CIFG Services on October 1, 2004, and that his annualized bonus for 2004 was less than half of Plaintiff's bonus for 2004.

37.    Denies the allegations set forth in Paragraph 37 of the Complaint.

38.    Denies the allegations set forth in Paragraph 38 of the Complaint, except refers the Court to the April 5, 2006 letter for its contents.

39.    Denies knowledge or information sufficient ot form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, except admits that Plaintiff's counsel sent a letter to Rolfo, and refers the Court to the letter from outside counsel for its contents.

40.    Denies the allegations set forth in Paragraph 40 of the Complaint, except admits that, on or about May 8, 2006, Rolfo and Brown told Plaintiff that a press release would describe the restructured legal department, admits that Drillings would become General Counsel for Public Finance and Infrastructure; three lawyers would report to Knopf, and admits that three other lawyers would report to Drillings, admits that Plaintiff would not have any direct reports, admits that licensing was assigned to Drillings.

41.    Denies the allegations set forth in Paragraph 41 of the Complaint.

42.    Denies the allegations set forth in Paragraph 42 of the Complaint.

43.    Admits the allegations set forth in Paragraph 43 of the Complaint, except denies that any settlement offer was unfavorable to Plaintiff, denies that Plaintiff was instructed to work

from home as a result of rejecting any settlement offer or in contemplation of any restructuring transaction, and further states that Plaintiff welcomed the opportunity to remain at home, and refers the Court to the referenced e-mail for its contents.

44.    Admits the allegations contained in the first sentence of Paragraph 44 of the Complaint, and that CIFG announced the formation of an Executive Committee. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of Paragraph 44 of the Complaint.

Additional Facts Concerning Long-Term Incentive Plans

45.    Denies the allegations set forth in Paragraph 45 of the Complaint, except admits that employees of CIFG were eligible to participate in various LTI plans offering stock options, restricted stock, and performance units, and refers to the applicable plan documents and agreements for their contents.

46.    Admits the allegations set forth in Paragraph 46 of the Complaint.

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint.

48.    Admits the allegations set forth in Paragraph 48 of the Complaint.

49.    Denies the allegations set forth in Paragraph 49 of the Complaint, except refers the Court to Plaintiff's offer letter dated December 17, 2002 for its contents.

50.    Denies the allegations set forth in Paragraph 50 of the Complaint, except refers the Court to Plaintiff's offer letter dated December 17, 2002 for its contents, and states that the offer letter reflects the negotiations between Plaintiff and CIFG.

51.    Admits the allegation set forth in Paragraph 51 of the Complaint that Plaintiff was granted stock options.

52.     Denies the allegations set forth in Paragraph 52 of the Complaint that the 2003 Stock Option Agreement alone governed the stock option award CIFG had made to Plaintiff pursuant to her offer letter, and admits the remaining allegations of Paragraph 52 of the Complaint.

53.     Denies the allegations set forth in Paragraph 53 of the Complaint that the 2003 Stock Option Plan expired on June 28, 2004, and admits the remaining allegations of the Paragraph.

54.     Admits the allegations set forth in Paragraph 54 of the Complaint.

55.     Admits the allegations set forth in Paragraph 55 of the Complaint.

56.     Denies the allegations set forth in Paragraph 56 of the Complaint, except refers the Court to the 2003 Stock Option Plan and 2003 Stock Option Agreement for their contents.

57.     Denies the allegations set forth in Paragraph 57 of the Complaint, except refers the Court to the 2003 Stock Option Plan and 2003 Stock Option Agreement for their contents.

58.     Denies the allegations set forth in Paragraph 58 of the Complaint, except refers the Court to the 2003 Stock Option Plan and 2003 Stock Option Agreement for their contents.

59.     To the extent that the allegations set forth in Paragraph 59 of the Complaint allege legal conclusions, no response is required. To the extent a response is required, Rolfo denies that the 2003 Stock Option Plan or the 2003 Stock Option Agreement were amended, and refers to the applicable plan documents for their contents.

60.     To the extent that the allegations set forth in Paragraph 60 of the Complaint allege legal conclusions, no response is required. To the extent a response is required, Rolfo denies the allegations set forth in Paragraph 60.

61.    Denies the allegation in Paragraph 61 of the Complaint that Rolfo accepted Plaintiff's retirement, and admits the remaining allegations of Paragraph 61 of the Complaint upon information and belief.

62.    Admits the allegations set forth in Paragraph 62 of the Complaint.

63.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint, except denies that Plaintiff was ordered not to come to the office.

64.    Denies the allegations set forth in Paragraph 64 of the Complaint, except admits that Rolfo advised Plaintiff that vesting of rights could terminate in accordance with the terms of the plan upon Plaintiff's employment after her resignation, and refers the Court to the 2003 Stock Option Plan and Rolfo's January 4, 2007 letter for their contents.

65.    Denies the allegations set forth in Paragraph 65 of the Complaint, except refers to the Court to the February 13, 2007 letter for its contents.

66.    Denies the allegations set forth in Paragraph 66 of the Complaint, except refers the Court to the February 13, 2007 letter for its contents.

67.    Refers the Court to the March 2, 2007 letter for its contents.

68.    Refers the Court to the March 14, 2007 letter for its contents.

69.    Denies the allegations set forth in the fifth sentence of Paragraph 69 of the Complaint, except admits that by reason of the change in control, the options of all employees having awards under the 2003 Stock Option Plan and 2003 Stock Option Agreement vested, subject to the other applicable terms and conditions of the 2003 Stock Option Plan and 2003 Stock Option Agreement, and refers to the applicable plan and agreement for their contents.

70.     Denies the allegations set forth in Paragraph 70 of the Complaint, except admits that CIFG Services agreed to extend Plaintiff's time to exercise the subject options and that Plaintiff exercised her options granted pursuant to the 2003 Stock Option Plan and 2003 Stock Option Agreement.

71.     Denies the allegations set forth in Paragraph 71 of the Complaint, except admits that Plaintiff rescinded her June 26, 2007 exercise and exercised her options granted pursuant to the 2003 Stock Option Plan and 2003 Stock Option Agreement on September 24, 2007, denies knowledge or information sufficient to form a belief as to the truth of the allegation that CIFG did not provide Plaintiff with formal notice of the Fair Market Value as of June 30, 2007, refers the Court to the June 29, 2007 letter, the 2003 Stock Option Plan, and the 2003 Stock Option Agreement for their contents, and states that the last two sentences of Paragraph 71 of the Complaint set forth legal conclusions to which no response is required.

72.     Denies the allegations set forth in Paragraph 72 of the Complaint, except refers the Court to the September 25, 2007 letter for its contents.

73.     Admits the allegations set forth in Paragraph 73 of the Complaint, except refers the Court to the October 5, 2007 letter for its contents.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 74 of the Complaint, except admits that CIFG Holding had previously calculated the Fair Market Value for June 30, 2007, and refers the Court to the two April 3, 2008 letters and the April 9, 2008 letter for their contents.

75.     Denies the allegations set forth in Paragraph 75 of the Complaint, except admits that, as of the end of Rolfo's employment, CIFG had not processed the September 24, 2007 exercise of Plaintiff's stock options granted pursuant to the 2003 Stock Option Plan and 2003

Stock Option Agreement, and admits that Natixis has reported financial information for the period including June 30, 2007 that included information about the financial performance of CIFG that was used to calculate the Fair Market Value as of June 30, 2007.

76.    To the extent this allegation relates to the period after Rolfo's employment ended, Rolfo denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint.

Facts Concerning Stock Option and Restricted Stock Plans After 2003

77.    Admits the allegations set forth in Paragraph 77 of the Complaint.

78.    Admits the allegations set forth in Paragraph 78 of the Complaint, except denies that the agreements provided to Plaintiff had been substantially revised in ways adverse to Plaintiff.

79.    Admits the allegations in the first sentence in Paragraph 79 of the Complaint and denies the allegations in the second sentence thereof.  To the extent this allegation concerns the period after Rolfo's employment ended, Rolfo denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint.

80.    Admits the allegations set forth in Paragraph 80 of the Complaint.

81.    Admits the allegations set forth in Paragraph 81 of the Complaint, except denies that Plaintiff was not provided with any details of this award.  To the extent this allegation relates to the period after Rolfo's employment ended, Rolfo denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint.

82.    Admits the allegations set forth in Paragraph 82 of the Complaint.

83.    Denies the allegations set forth in Paragraph 83 of the Complaint, except admits that the drafting of the plans for 2005 and thereafter began in late 2004, and after Freed's

departure, Plaintiff was partially responsible for drafting the plans and was fully aware of the terms and conditions thereof.

84.     Denies the allegations set forth in Paragraph 84 of the Complaint, except admits that the 2004 Restricted Stock Plan was a new plan as restricted stock had only recently been authorized under French law and that drafts were exchanged in French and English.

85.     Denies the allegation in Paragraph 85 of the Complaint that Plaintiff's retirement was "approved," except admits that Plaintiff was familiar with the contents of the plans.

86.     Denies the allegations set forth in Paragraph 86 of the Complaint.

87.     To the extent that the allegations set forth in Paragraph 87 of the Complaint allege legal conclusions, no response is required.  To the extent a response is required, denies the allegations set forth in Paragraph 87 of the Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint, except denies that in October 2005 Rolfo "approved" Plaintiff's retirement, and admits that Plaintiff stated to Rolfo that she intended to do consulting work after her retirement and Rolfo suggested that Plaintiff could consult for CIFG Services if an exception was made and authorization was obtained.

89.     Denies the allegations set forth in Paragraph 89 of the Complaint.

90.     Admits the allegations set forth in Paragraph 90 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the last sentence thereof.

91.     Denies the allegations set forth in Paragraph 91 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of this first sentence of Paragraph 91.

14

92.     To the extent that the allegations set forth in Paragraph 92 of the Complaint allege legal conclusions, no response is required.  To the extent a response is required, Rolfo denies the allegations set forth in Paragraph 92 of the Complaint, and refers the Court to the various documents referred to for their contents.

93.     Denies the allegations set forth in Paragraph 93 of the Complaint, and refers the Court to the January 4, 2007 letter for its contents.

94.     To the extent that the allegations set forth in Paragraph 94 of the Complaint allege legal conclusions, no response is required.  To the extent a response is required, Rolfo denies the allegations set forth in Paragraph 94 of the Complaint, except states that, as a result of the Natixis acquisition, the control of CIFG was changed.

95.     Denies the allegations set forth in Paragraph 95 of the Complaint, and refers the Court to the February 13, 2007 letter for its contents.

96.     Denies the allegations set forth in Paragraph 96 of the Complaint, except refers the Court to the stock option and restricted stock agreements sent to Plaintiff's counsel on April 3, 2007 for their contents.

97.     Denies the allegations set forth in Paragraph 97 of the Complaint, except refers the Court to the April 18, 2007 letter.

98.     Denies the allegations set forth in Paragraph 98 of the Complaint, except refers the Court to the documents containing Plaintiff's handwritten notations that are alleged in Paragraph 98 for their contents.

99.     Denies the allegations set forth in Paragraph 99 of the Complaint, except refers the Court to the June 12, 2007 letter for its contents.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint.

Facts Concerning Performance Unit Plans

101.    Denies the allegations set forth in Paragraph 101 of the Complaint, except admits that CIFG awarded some employees performance units in 2004 and it did not award Cully any performance units in 2004.

102.    Denies the allegations set forth in Paragraph 102 of the Complaint, except refers the Court to the CDC IXIS Financial Guaranty Services, Inc. Calendar Year 2003 Performance Unit Plan for its terms.

103.    Admits the allegations set forth in Paragraph 103 of the Complaint.

104.    Admits the allegations set forth in Paragraph 104 of the Complaint.

105.    Denies the allegation in Paragraph 105 of the Complaint that award of performance units covered the three-year period of 2004-2007 as the applicable period is January 1, 2005 through December 31, 2007, and admits the remaining allegations in Paragraph 105 of the Complaint.  To the extent this allegation relates to the period after Rolfo's employment ended, Rolfo denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint.

106.    Denies the allegation in Paragraph 106 of the Complaint that CIFG never provided Plaintiff with the details of this award, and admits the remaining allegations in Paragraph 106 of the Complaint.  To the extent this allegation relates to the period after Rolfo's employment ended, Rolfo denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Complaint.

107.    Denies knowledge or information sufficient to form a belief as the truth of the first and second sentences of Paragraph 107 of the Complaint, except admits the allegations set forth in Paragraph 107 of the Complaint that Plaintiff's LTI award for 2005 consists solely of performance units.

108.    Denies the allegations set forth in Paragraph 108 of the Complaint.

109.    Denies the allegations set forth in Paragraph 109 of the Complaint.

110.    Denies the allegations set forth in Paragraph 110 of the Complaint, except that there was a draft performance unit plan for CIFG Services for 2004 and another, in draft form but similar, for CIFG Europe.

111.    Denies the allegations set forth in Paragraph 111 of the Complaint.

112.    Denies the allegation in Paragraph 112 of the Complaint, except refers the Court to the performance unit plans for their contents, and admits that no award of performance units was made to her in the first 120 days of 2005.

113.    Admits the allegations set forth in Paragraph 113 of the Complaint that there are established targets for the performance units, which had yet to be announced as of the end of Rolfo's employment, and that Plaintiff had not been provided payment for her performance units and has not been provided information concerning the lack of value of the performance units as of the end of Rolfo's employments.

### FIRST CAUSE OF ACTION

### (Discrimination Under Title VII)

114.    Rolfo repeats his responses to Paragraphs 1 through 113 of the Complaint.

115.    No response is necessary or required by Rolfo with respect to Paragraphs 114 through 117, as those Paragraphs allege claims only against CIFG.

17

116.    No response is necessary or required by Rolfo with respect to Paragraphs 114 through 117, as those Paragraphs allege claims only against CIFG.

117.    No response is necessary or required by Rolfo with respect to Paragraphs 114 through 117, as those Paragraphs allege claims only against CIFG.

SECOND CAUSE OF ACTION

(Discrimination Under the Executive Law)

118.    Rolfo repeats his responses to Paragraphs 1 through 117 of the Complaint.

119.    Denies the allegations set forth in Paragraph 119 of the Complaint.

120.    To the extent that the allegations set forth in Paragraph 120 of the Complaint allege legal conclusions, no response is required.  To the extent a response is required, denies the allegations set forth in Paragraph 120 of the Complaint.

121.    To the extent that the allegations set forth in Paragraph 121 of the Complaint allege legal conclusions, no response is required.  To the extent a response is required, denies the allegations set forth in Paragraph 121 of the Complaint.

122.    Denies the allegations set forth in Paragraph 122 of the Complaint.

THIRD CAUSE OF ACTION

(Discrimination Under the City Law)

123.    Rolfo repeats his responses to Paragraphs 1 through 122 of the Complaint.

124.    Denies the allegations set forth in Paragraph 124 of the Complaint.

125.    To the extent that the allegations set forth in Paragraph 125 of the Complaint allege legal conclusions, no response is required.  To the extent a response is required, denies the allegations set forth in Paragraph 125 of the Complaint.

126.    To the extent that the allegations set forth in Paragraph 126 of the Complaint allege legal conclusions, no response is required.  To the extent a response is required, denies the allegations set forth in Paragraph 126 of the Complaint.

127.    Denies the allegations set forth in Paragraph 127 of the Complaint.

128.    Denies the allegations set forth in Paragraph 128 of the Complaint.

FOURTH CAUSE OF ACTION

(Retaliation Under Title VII)

129.    Rolfo repeats his responses to Paragraphs 1 through 128 of the Complaint.

130.    No response is necessary or required by Rolfo with respect to Paragraphs 129 through 132, as those Paragraphs allege claims only against CIFG.

131.    No response is necessary or required by Rolfo with respect to Paragraphs 129 through 132, as those Paragraphs allege claims only against CIFG.

132.    No response is necessary or required by Rolfo with respect to Paragraphs 129 through 132, as those Paragraphs allege claims only against CIFG.

FIFTH CAUSE OF ACTION

(Retaliation Under the Executive Law)

133.    Rolfo repeats his responses to Paragraphs 1 through 132 of the Complaint.

134.    Denies the allegation in Paragraph 134 of the Complaint.

135.    To the extent that the allegations set forth in Paragraph 135 of the Complaint allege legal conclusions, no response is required.  To the extent a response is required, denies the allegations set forth in Paragraph 135 of the Complaint.

136.     To the extent that the allegations set forth in Paragraph 136 of the Complaint allege legal conclusions, no response is required.  To the extent a response is required, denies the allegations set forth in Paragraph 136 of the Complaint.

137.     Denies the allegations set forth in Paragraph 137 of the Complaint.

SIXTH CAUSE OF ACTION

(Retaliation Under the City Law)

138.     Rolfo repeats his responses to Paragraphs 1 through 137 of the Complaint.

139.     Denies the allegations set forth in Paragraph 139 of the Complaint.

140.     To the extent that the allegations set forth in Paragraph 140 of the Complaint allege legal conclusions, no response is required.  To the extent a response is required, denies the allegations set forth in Paragraph 140 of the Complaint.

141.     To the extent that the allegations set forth in Paragraph 141 of the Complaint allege legal conclusions, no response is required.  To the extent a response is required, denies the allegations set forth in Paragraph 141 of the Complaint.

142.     Denies the allegations set forth in Paragraph 142 of the Complaint.

143.     Denies the allegations set forth in Paragraph 143 of the Complaint.

SEVENTH CAUSE OF ACTION

(Breach of Contract – 2003 Stock Options)

144.     Rolfo repeats his responses to Paragraphs 1 through 143 of the Complaint.

145.     No response is necessary or required by Rolfo with respect to Paragraphs 144 through 146, as those Paragraphs allege claims only against CIFG.

146.     No response is necessary or required by Rolfo with respect to Paragraphs 144 through 146, as those Paragraphs allege claims only against CIFG.

## EIGHTH CAUSE OF ACTION

### (Breach of Contract – Post-2003 Stock Option and Restricted Stock Plans)

147.    Rolfo repeats his responses to Paragraphs 1 through 146 of the Complaint.

148.    No response is necessary or required by Rolfo with respect to Paragraphs 147 through 150, as those Paragraphs allege claims only against CIFG.

149.    No response is necessary or required by Rolfo with respect to Paragraphs 147 through 150, as those Paragraphs allege claims only against CIFG.

150.    No response is necessary or required by Rolfo with respect to Paragraphs 147 through 150, as those Paragraphs allege claims only against CIFG.

## NINTH CAUSE OF ACTION

### (Breach of Contract – Performance Unit Plans)

151.    Rolfo repeats his responses to Paragraphs 1 through 150 of the Complaint.

152.    No response is necessary or required by Rolfo with respect to Paragraphs 153 through 153, as those Paragraphs allege claims only against CIFG.

153.    No response is necessary or required by Rolfo with respect to Paragraphs 151 through 153, as those Paragraphs allege claims only against CIFG.

## TENTH CAUSE OF ACTION

### (Breach of Contract – Terms and Conditions of Employment 2006)

154.    Rolfo repeats his responses to Paragraphs 1 through 153 of the Complaint.

155.    No response is necessary or required by Rolfo with respect to Paragraphs 154 through 155, as those Paragraphs allege claims only against CIFG.

156.    No response is necessary or required by Rolfo with respect to Paragraphs 154 through 156, as those Paragraphs allege claims only against CIFG.

21

## ELEVENTH CAUSE OF ACTION

### (Breach of Obligation of Good Faith and Fair Dealing)

157.    Rolfo repeats his responses to Paragraphs 1 through 156 of the Complaint.

158.    No response is necessary or required by Rolfo with respect to Paragraphs 157 through 159, as those Paragraphs allege claims only against CIFG.

159.    No response is necessary or required by Rolfo with respect to Paragraphs 157 through 159, as those Paragraphs allege claims only against CIFG.

## TWELFTH CAUSE OF ACTION

### (In the Alternative – Promissory Estoppel – LTI)

160.    Rolfo repeats his responses to Paragraphs 1 through 159 of the Complaint.

161.    No response is necessary or required by Rolfo with respect to Paragraphs 160 through 164, as those Paragraphs allege claims only against CIFG.

162.    No response is necessary or required by Rolfo with respect to Paragraphs 160 through 164, as those Paragraphs allege claims only against CIFG.

163.    No response is necessary or required by Rolfo with respect to Paragraphs 160 through 164, as those Paragraphs allege claims only against CIFG.

164.    No response is necessary or required by Rolfo with respect to Paragraphs 160 through 164, as those Paragraphs allege claims only against CIFG.

## THIRTEENTH CAUSE OF ACTION

### (In the Alternative – Promissory Estoppel – Terms of Employment 2006)

165.    Rolfo repeats his responses to Paragraphs 1 through 164 of the Complaint.

166.    No response is necessary or required by Rolfo with respect to Paragraphs 165 through 169, as those Paragraphs allege claims only against CIFG.

22

167.    No response is necessary or required by Rolfo with respect to Paragraphs 165 through 169, as those Paragraphs allege claims only against CIFG.

168.    No response is necessary or required by Rolfo with respect to Paragraphs 165 through 169, as those Paragraphs allege claims only against CIFG.

169.    No response is necessary or required by Rolfo with respect to Paragraphs 165 through 169, as those Paragraphs allege claims only against CIFG.

### FOURTEENTH CAUSE OF ACTION

#### (In the Alternative – Unjust Enrichment)

170.    Rolfo repeats his responses to Paragraphs 1 through 169 of the Complaint.

171.    No response is necessary or required by Rolfo with respect to Paragraphs 170 through 173, as those Paragraphs allege claims only against CIFG.

172.    No response is necessary or required by Rolfo with respect to Paragraphs 170 through 173, as those Paragraphs allege claims only against CIFG.

173.    No response is necessary or required by Rolfo with respect to Paragraphs 170 through 173, as those Paragraphs allege claims only against CIFG.

### FIFTEENTH CAUSE OF ACTION

#### (Fraudulent Inducement)

174.    Rolfo repeats his responses to Paragraphs 1 through 173 of the Complaint.

175.    Denies the allegations set forth in Paragraph 175 of the Complaint.

176.    Denies the allegations set forth in Paragraph 176 of the Complaint.

177.    Denies the allegations set forth in Paragraph 177 of the Complaint.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

178.    Plaintiff has failed to state a claim.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

179.    There exists no grounds upon which to seek to hold Rolfo liable individually.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

180.    At all times relevant to this matter, Rolfo acted lawfully and in good faith and had reasonable grounds for believing that his conduct with respect to Plaintiff was in full compliance with the law.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

181.    Upon information and belief, Plaintiff failed to mitigate her damages.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>

182.    The Complaint fails to plead fraud with the particularity required by Rule 9 of the Federal Rules of Civil Procedure.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

183.    The Complaint fails to state a cause of action upon which relief can be granted.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

184.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's purported damages, if any, arose as a result of its own culpable conduct or the conduct of third parties over which Rolfo has no control and for which Rolfo has no liability.

**WHEREFORE**, Rolfo respectfully requests judgment dismissing the Complaint in its entirety, awarding him the costs and disbursements of this action, and granting such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 16, 2008

ARKIN KAPLAN RICE LLP

Alan Arkin (AA-4579)
E-mail: alarkin@arkin-law.com
590 Madison Avenue, 35th Fl.
New York, New York
Tel: (212) 333-0200
Fax: (212) 333-02350

*Attorneys for Defendant Jacques Rolfo*

25